United States Court of Appeals,

Fifth Circuit.

No. 93-2599

Summary Calendar.

Conrell HADLEY, Plaintiff-Appellee, Cross-Appellant,

v.

VAM P T S, Defendant-Appellant, Cross-Appellee.

Feb. 15, 1995.

Appeal from the United States District Court from the Southern District of Texas.

Before DAVIS, JONES and DUHÉ, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Both parties to this case have appealed the trial court judgment that awarded Hadley $283,000 against his former employer. VAM, the employer, was found liable for Title VII retaliatory discharge and Texas common law intentional infliction of emotional distress, but not liable for disparate treatment on the basis of race. VAM appeals only the jury's award of punitive damages for intentional infliction of emotional distress. Conrell Hadley appeals the district court's reduction of his requested attorneys fees, the failure of the district court to award front pay, and the denial of prejudgment interest on back pay. We vacate the punitive damages award, remand for reconsideration of the denial of front pay, and otherwise affirm.

BACKGROUND

Conrell Hadley, a black man, was hired by VAM in 1981. Hadley was apparently moving up the job ladder until 1990, when he was

demoted. Hadley filed a complaint with the EEOC alleging that he had been discriminated against based upon his race. Later that year, Hadley filed a second complaint with the EEOC alleging unlawful retaliation. He complained that he had been discriminatorily denied the opportunity to work light duty after injuring his back on the job. The EEOC found no discrimination on either complaint.

Hadley was ultimately fired by VAM after he made a machining error that cost VAM more than $6,000. Hadley filed suit against VAM claiming racial discrimination in violation of the 1991 Civil Rights Act, retaliatory discharge under Title VII, and intentional infliction of emotional distress under Texas state law. The jury found for VAM on the racial discrimination claim and for Hadley on the retaliatory discharge and intentional infliction of emotional distress causes of action. For the retaliatory discharge cause of action, the jury awarded Hadley $33,000 in back pay and other benefits, $3,000 in compensatory damages, and $100,000 in punitive damages.[1] For the intentional infliction of emotional distress cause of action, the jury awarded Hadley $150,000 in punitive damages. However, the jury was not asked whether Hadley had suffered any actual damages as a result of the intentional infliction of emotional distress and therefore did not award any such damages.

After the judgment was entered, Hadley submitted a request for

---

[1]The punitive damages award was later reduced to $97,000 in accordance with Title VII limits.

$144,693.75 in attorneys fees as a prevailing party under Title VII. The district court found the requested fees to be "clearly excessive" and instead awarded Hadley $50,000. The district court also refused to grant Hadley any front pay and did not award prejudgment interest on the back pay awarded by the jury.

VAM appeals the $150,000 in punitive damages for intentional infliction of emotional distress on the ground that there was no requisite finding of actual damages to support an award of punitive damages. Hadley appeals the reduction of his attorney fee request to $50,000 and the decisions of the district court not to award front pay or prejudgment interest.

DISCUSSION

*Punitive Damages*

Whether a jury finding of actual damages is a necessary predicate to an award of punitive damages is a question of Texas state law, which is reviewed on appeal *de novo*. *See Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

Texas law is uniform and clear that a finding of actual damages is a prerequisite to receipt of punitive damages. *Doubleday & Co., Inc. v. Rogers,* 674 S.W.2d 751, 753-54 (Tex.1984). The facts and holding of *Federal Express v. Dutschmann,* 846 S.W.2d 282 (Tex.1993), are remarkably similar to the instant case, yet neither party cited this controlling Texas Supreme Court case in its briefs.

In *Dutschmann,* the plaintiff sued her employer in both

3

contract and tort. The jury returned a verdict for the plaintiff on both causes of action and awarded the plaintiff punitive damages on the tort cause of action. However, the Texas Supreme Court reversed the award of punitive damages because no actual damages question had been submitted to the jury on the tort cause of action. The court explained that "[r]ecovery of punitive damages requires a finding of an independent tort with accompanying actual damages." *Id.* at 284. Because the jury did not find that the plaintiff suffered any actual tort damages, the plaintiff was not entitled to an award of punitive damages. *Id.*

The instant case is virtually indistinguishable from *Dutschmann.* The jury found VAM liable for violation of Title VII and awarded compensatory and punitive damages. The jury also found tort liability, but as in *Dutschmann,* was not asked to assess any actual damages, only punitives. As in *Dutschmann,* this oversight by Hadley is fatal to his punitive damages award for the intentional infliction of emotional distress tort.

Hadley is creative in his attempt to circumvent this requirement, but to no avail. Hadley first asserts that the compensatory damages awarded in the Title VII retaliatory discharge cause of action are sufficient to fulfill the actual damages requirement. While it is true that compensatory damages under Title VII can overlap with actual damages suffered as a result of intentional infliction of emotional distress, the severity of injury necessary for each is markedly different. In order to be compensable, emotional distress under the state law tort of

4

intentional infliction of emotional distress must be severe. *See, e.g., Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993). There is no such requirement for compensable emotional harm under Title VII. Therefore, the fact that the jury awarded compensatory damages under Title VII does not mean that it also found that Hadley suffered compensatory damages under the intentional infliction of emotional distress tort.

Hadley alternatively argues that even if there were no actual tort damages found by the jury, VAM waived its right to complain of this feature of the judgment by not objecting to the jury charge in accordance with Fed.R.Civ.Proc. 51. This argument seeks to shift the burden of securing a finding of actual damages from the plaintiff to the defendant. The defendant has no duty to ensure that the plaintiff has furnished jury questions covering all fact issues necessary to his cause of action. Texas law is clear that a plaintiff must "allege, prove and secure jury findings on the existence and amount of actual damages sufficient to support an award of punitive damages." *Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901, 903 (Tex.1985). Therefore, plaintiff did not fulfill his burden to secure a jury finding of actual tort damages upon which a punitive damage award could be based.

*Attorneys Fees*

As a prevailing party in a Title VII case, Hadley was entitled to an award of attorneys fees. We review the district court's award only for abuse of discretion. *Purcell v. Sequin State Bank and Trust Co.,* 999 F.2d 950, 961 (5th Cir.1993).

5

Hadley submitted an attorneys' fee bill to the court for $144,693.75. The court reviewed the bill, considered the factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974), and concluded that the requested fee was excessive. He therefore reduced the fee to what he found was reasonable and necessary and awarded the plaintiff $50,000.

Although the district judge's recitation of the reasons why he reduced the requested fee is not fulsome, it does evidence the required examination of the *Johnson* factors. The requested fee was extremely high for this sort of case. Therefore, the court did not abuse his discretion in reducing the fee request to a still generous amount.

*Front Pay*

The district court denied Hadley's request for an award of front pay. We review such a denial for abuse of discretion. *Deloach v. Delchamps, Inc.,* 897 F.2d 815, 822 (5th Cir.1990). Section 2000e-5(g) of Title VII authorizes a court to order reinstatement of the plaintiff or order any other appropriate equitable relief. 42 U.S.C. § 2000e-5(g). Front pay is an equitable remedy that can be employed when reinstatement is not feasible. *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 127 (5th Cir.1992). In the instant case, the district court determined that, because of the animosity between the parties, reinstatement would not be feasible. However, citing *Walther,* the court determined that because of the large amount of punitive damages awarded to the plaintiff, an award of front pay would be

6

inappropriate and excessive. This case was tried under the 1991 Civil Rights Act, which newly permits awards of compensatory and punitive damages in Title VII cases.

In *Walther,* the Fifth Circuit adopted the position of both the First and Seventh Circuits and held that "a substantial liquidated damage award may indicate that an additional award of front pay is inappropriate or excessive." *Id.* at 127. Plaintiff urges this court to limit *Walther* to ADEA cases dealing with liquidated damages and not to apply its rationale to Title VII punitive damages cases. However, we find the reasoning of *Walther* and our sister circuits is equally applicable to the impact of Title VII punitive damages, so we adopt *Walther* in this context. *See Price v. Marshall Eidman & Assoc., Inc.,* 966 F.2d 320, 326 (7th Cir.1992); *Hybert v. Hearst Corp.,* 900 F.2d 1050, 1056 (7th Cir.1990); *Wildman v. Lerner Stores Corp.,* 771 F.2d 605, 616 (1st Cir.1985).

Explaining the legislative history of the ADEA, the Supreme Court, in *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125-26, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985), stated that "Congress intended for liquidated damages [under ADEA] to be punitive in nature." *Id. See also Dean v. American Sec. Ins. Co.,* 559 F.2d 1036, 1039-40 (5th Cir.1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978) (citing legislative history suggesting that Congress intended liquidated damages to supply the deterrent that punitive damages normally served). Because Title VII punitive damages serve the same function as liquidated damages

7

under ADEA, it makes sense that they should affect equitable relief similarly.

The district court's decision to deny front pay apparently arose from its sense that Hadley received sufficient punitive damages to accomplish full recompense. Whether the $150,000 award premised on state law explicitly influenced this decision is not clear. It may be that reversal of the punitive damages for intentional infliction of emotional distress will prompt a re-evaluation by the trial court of whether an award of front pay remains inappropriate and excessive. Without expressing any opinion on how the court's discretion should be exercised, we remand for reconsideration of front pay.

*Prejudgment Interest*

The decision to award prejudgment interest on back pay awards in Title VII cases rests within the sound discretion of the district court. *Sellers v. Delgado Community College,* 839 F.2d 1132, 1140 (5th Cir.1988), *cert. denied,* 498 U.S. 987, 111 S.Ct. 525, 112 L.Ed.2d 536 (1990). We will not overturn the district court's determination of the appropriateness of prejudgment interest absent an abuse of discretion. *Id.* Although this Circuit has acknowledged that a back pay award in Title VII cases should make the injured party whole by putting him in the same position he would have been in but for the violation, *Id.* at 1136, we have not adopted a per se rule that requires prejudgment interest to be included in the award. Accordingly, we find no abuse of the district court's discretion in the failure to award prejudgment

interest on the back pay award.

In summary, because we find that the plaintiff failed to fulfill his burden of proving and securing a jury finding of actual tort damages, the final judgment awarding $150,000 in punitive damages for intentional infliction of emotional distress is to that extent reversed. The court's decisions on attorneys' fees and prejudgment interest are affirmed. Further, we remand the case to the district court for a determination on whether the reversal of the state law-based punitive damages award affects the equitable decision to deny front pay to the plaintiff.

AFFIRMED in PART, REVERSED in PART and REMANDED.