**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 95-10601
Summary Calendar

---

RUBEN GLORIA,

Plaintiff-Appellant,

VERSUS

VALLEY GRAIN PRODUCTS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas

---

January 17, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:

I.  FACTS and PROCEDURAL HISTORY

Ruben Gloria ("Gloria") filed suit against Valley Grain Products, Inc. ("Valley Grain"), alleging discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.  A jury found for Gloria and awarded backpay in the amount of $33,000; however, the district court granted Valley Grain's motion for judgment as a matter of law.  On appeal, this court reversed the district court's judgment as a matter of law and remanded "for further proceedings in accordance with the opinion of

this court." *Gloria v. Valley Grain Prod., Inc.*, (5th Cir. May 8, 1995).

On remand, the district court entered judgment for the $33,000 in backpay found by the jury, $21,085 in attorneys' fees, and post-judgment interest at the rate of 5.88% per annum. Valley Grain tendered a check in response to the judgment in the amount of $54,145.95. Gloria accepted the check without objection.

Gloria now appeals the district court's calculation of damages. Specifically, Gloria asserts that he is entitled to (1) backpay from the date of trial, February 24, 1994, through the date of final judgment entered after the first appeal, June 2, 1995; (2) frontpay in lieu of reinstatement; and (3) prejudgment interest, either from the date of his unlawful termination or from the date of trial to the date of the final judgment. Valley Grain counters these assertions on the merits and also argues that by accepting the check without objection, Gloria is now precluded from seeking additional damages.

## II. ANALYSIS

### 1. Preclusion from Seeking Additional Damages:

Acceptance of payment of an unsatisfactory judgment can amount to an accord and satisfaction precluding an appeal where circumstances indicate an intention to finally compromise and settle a disputed claim. *United States v. Houghan*, 364 U.S. 310, 312, 81 S. Ct. 13, 15-16 (1960). Valley Grain asserts that its check was cashed without objection or without any indication that Gloria was dissatisfied with the award or intended to appeal the

court's judgment. Gloria counters that the check was delivered without any form of settlement or release being signed or presented to Gloria, and that the check was accepted because the issues in this appeal do not involve any part of the amount paid.

"It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." *Houghan*, 81 S. Ct. at 16. Gloria is foreclosed from appealing the damages award "only if the parties mutually intended a final settlement of all the claims in dispute and a termination of the litigation." *McGowen v. King*, 616 F.2d 745, 746 (5th Cir. 1980); *see Gadsden v. Fripp*, 330 F.2d 545, 548 (4th Cir. 1964) (for an appeal to be foreclosed, there must be a "mutual manifestation of an intention to bring the litigation to a definite conclusion upon a basis acceptable to all parties . . . not the bare fact of payment of the judgment."). In the present case, there was no manifestation of Gloria's intent to bring the litigation to a definite conclusion. Therefore, because there was no such mutual intent, an accord and satisfaction of all claims was not reached and Gloria's appeal is not precluded.

2. Backpay through the Date of Final Judgment and Frontpay:

The district court awarded backpay for the amount requested at trial, as determined by the jury. However, following the jury verdict, the judgment did not become final until after appeal, 15 months later. Gloria asserts that he is entitled to backpay from

the date of trial until the award was actually entered on remand. Additionally, Gloria argues that he is entitled to frontpay for approximately 30 months in order to make him "whole" in accordance with Title VII objectives.

Because Title VII, prior to its amendment in 1991, afforded only equitable relief, a complaining party was not as a matter of right entitled to a trial by jury. *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979). However, the parties in this case consented to a trial by jury. Therefore, the verdict of the jury has the same effect as if the trial by jury had been as a matter of right. Fed. R. Civ. P. 39(c).

The jury was asked to determine Gloria's "lost wages and employment benefits in the past" (between the date of discharge and the date of trial). The jury determined that $33,000 would fairly compensate Gloria for this time period. Any damages allegedly incurred after the date of trial were considered in a separate question when the jury was asked to determine Gloria's "lost wages and employment benefits reasonably probable to be lost in the future." The jury answered this question "none." The verdict of the jury is binding, subject to being set aside only under the verdict deferential standard of review. *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). Gloria has failed to show that there is a lack of substantial evidence to support the jury's answer to this second question. Accordingly, Gloria is not entitled to any damages calculated past the day of trial.

4

3.  Prejudgment Interest:

This court has stated that interest is an element that "should" be included in backpay.  *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir. 1974), *cert. denied*, 439 U.S.. 1115 (1979), *cert. denied,* 467 U.S. 1243 (1984), *and cert. dism'd,* 467 U.S. 1247 (1984); *see Sellers v. Delgado Community College*, 839 F.2d 1132, 1140 (5th Cir. 1988).  Furthermore, the goal of Title VII is to restore an employee who has been discriminated against to his or her rightful place by making the employee financially whole again.  *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990).  The time value of money causes an award of backpay to be worth less if prejudgment interest is not included.  Gloria was discharged in July 1991, and the trial was not held until February 1994.  The numerous steps necessary to prove discrimination in employment regretfully take an extended period of time.  The employee should not be punished for this delay if, after the legal process is completed, discrimination is found to have occurred.  This rationale leads us to conclude, as did the *Pettway* court, that prejudgment interest on backpay awards should be granted.

However, it is settled that the decision to award prejudgment interest on a backpay award in Title VII cases rests within the sound discretion of the district court.  *Hadley v. Vam PTS*, 44 F.3d 372, 376 (5th Cir. 1995); *Sellers*, 839 F.2d at 1140; *Bunch v. Bullard,* 795 F.2d 384, 399 (5th Cir. 1986). Gloria's only argument to establish an abuse of discretion by the district court is that

5

it ignores the "make whole" policies of Title VII. This contention could be raised in every Title VII case where backpay is awarded. A general rule that prejudgment interest on every backpay award must be granted would obliterate the discretion of the district court. We are unable to simply ignore the recognized discretion of the district court in this area.

Similarly, Gloria's rationale would result in a blanket rule requiring prejudgment interest, and this court has recently observed that there is no per se rule that requires prejudgment interest in every award of backpay. *Hadley*, 44 F.3d at 376. Therefore, while we agree that prejudgment interest "should" normally be included, it was not an abuse of discretion for the district court to decline to do so here.

The judgment of the district court is therefore AFFIRMED.