IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10581
_____

JOEL F. ARNOLD; ET AL.,

                                                      Plaintiffs,

BOBBY MAXWELL,

                                              Plaintiff-Appellant,

                         versus

U.S. DEPARTMENT OF INTERIOR,

                                               Defendant-Appellee.
_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:96-CV-3077-P
_____
March 19, 2001

Before FARRIS[*], JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[**]

      Bobby Maxwell, one of three plaintiffs in a Title VII lawsuit

against the U.S. Department of the Interior, appeals the district

court's award of attorneys' fees.  In the underlying lawsuit, a

jury  found  that  the  U.S.  Department  of  the  Interior  had

_____

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discriminated against the three plaintiffs by considering race and gender in its promotions. Of the three plaintiffs, however, the district court found that only Bobby Maxwell was entitled to compensatory damages. The court also granted summary judgment against the other two plaintiffs on their claim of retaliation. See Arnold v. U.S. Dep't of the Interior, 213 F.3d 193 (5th Cir. 2000) (describing the facts and affirming the district court's ruling that the other plaintiffs were not entitled to compensatory damages).

In computing attorneys' fees, the district court found that all three plaintiffs in the suit were prevailing parties, entitled to an award of fees under Title VII. See 42 U.S.C. § 2000e-5(k). After calculating a revised lodestar amount, the district court reduced the fee by 35 percent, noting that the total fee award of $211,469.25 for all three plaintiffs was not reasonable due to the limited success of the lawsuit. Maxwell, the only plaintiff to appeal this ruling, now argues that the district court should have considered the plaintiffs' success on an individual basis, and should not have reduced his award, because he was fully successful in his suit.

We review the district court's determination of an attorneys' fee award for abuse of discretion. Hadley v. VAM P T S, 44 F.3d 372, (5th Cir. 1995). In determining an appropriate fee award in a situation where only some claims were successful, a district court can consider the overall result obtained if the claims

involve a common core of facts or related legal theories.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983).  Here, although there were three separate plaintiffs, they were represented by the same attorneys.  The plaintiffs submitted a joint complaint arising out of the same core of facts and based on the same legal theories, and also submitted a joint application for attorneys' fees.  Although it might have been preferable for the district court to consider attorneys' fees on an individual basis, we cannot conclude that the district court abused its discretion by considering the fee award for the case as a whole.  Furthermore, the district court did not abuse its discretion in reducing the award as excessive in relation to the results obtained.

Because we find that the district court did not abuse its discretion in reducing the total attorneys' fee award by 35 percent, the judgment of the district court is

A F F I R M E D.