# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2020

Lyle W. Cayce
Clerk

No. 20-60207

Sheaneter J. Bogan,

*Plaintiff—Appellant*,

*versus*

MTD Consumer Group, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:14-CV-225

Before Jones, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Sheaneter Bogan sued her former employer, MTD Consumer Group, alleging she was terminated because of her race and sex in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2 *et seq.* A jury found in her favor but awarded her only $1 in nominal damages, and after the district court denied her requests for reinstatement and front pay, she

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appealed.   We affirmed the denial of front pay but remanded for reconsideration on reinstatement because we concluded that two of the reasons noted by the district court for denying reinstatement were invalid. We instructed the district court to eliminate those reasons from its analysis and to reconsider the reinstatement claim accordingly.

On remand, the district court followed our instructions, reconsidered the permissible factors, and came to the same conclusion.  Bogan appealed again.   The district court did not abuse its discretion by denying reinstatement based on the two considerations we found permissible in the first appeal.  Nor did it abuse its discretion by denying Bogan's request for another evidentiary hearing and additional discovery.   Accordingly, we affirm.

## I.

The facts of this dispute have already been detailed in our previous opinion in this case. *See Bogan v. MTD Consumer Grp., Inc.*, 919 F.3d 332, 335 (5th Cir. 2019).  Suffice it to say that Bogan worked at MTD Consumer Group for nearly 20 years, pursued a degree in social work while working there, had disputes with her employer about her class and work schedules, and was eventually fired. *Id.*

A jury found that MTD "discriminated against [Bogan] on the basis of her race and/or gender" but awarded her only nominal damages of $1. *Id.* Bogan requested front pay and reinstatement. *Id.*; 42 U.S.C. § 2000e-5(g)(1) (Title VII provides relief for victims of unlawful employment discrimination, and the district court has discretion to order reinstatement "or any other equitable relief [it] deems appropriate.").   The district court denied her request for front pay because Bogan failed to mitigate her damages. *Bogan v. MTD Consumer Grp., Inc.*, 2017 WL 4158623, at *6 (N.D. Miss. Sept. 18, 2017).   It also denied her request for reinstatement based on four

considerations: (1) the low feasibility of returning Bogan to her previous position; (2) Bogan's intent to change careers to social work; (3) MTD's argument that it would have fired Bogan even in the absence of any alleged discrimination; and (4) sufficient discord between Bogan and MTD made reinstatement inappropriate. *Id.* at *5–6.

We affirmed the denial of front pay, finding no clear error in the district court's conclusion that Bogan did not mitigate her damages because she failed to "use reasonable diligence to obtain 'substantially equivalent employment.'" *Bogan*, 919 F.3d at 336. However, we found that the district court should not have considered two of the four factors it used to make its reinstatement determination. *Id.* at 339. While the first two factors "counsel[ed] against reinstatement," as "Bogan's position no longer 'exist[ed] as it did during her employment'" and she "intended to change careers to social work," the final two did not. *Id.* at 337–38. The jury rejected MTD's defense that it would have fired Bogan even without any alleged discrimination, making the third factor impermissible. *Id.* at 337. The district court also should not have relied on discord between the parties because it neither cited any "specific instances" nor found that the acrimony was so great as to "irreparably damage[]" the relationship. *Id.* at 339 (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992)).

We then vacated the denial of reinstatement and remanded to the district court "for further proceedings without suggesting how [it] should exercise its discretion based on the two factors that remain or other permissible considerations that [it] may find relevant." *Bogan*, 919 F.3d at 340.

The district court followed our instructions on remand. *Bogan v. MTD Consumer Grp.*, 2020 WL 957414, at *1–4 (N.D. Miss. Feb. 27, 2020). It acknowledged that the jury rejected MTD's defense that it would have

terminated Bogan even without any discrimination and found that this factor "weighs in favor of reinstatement." *Id.* at *3. It also found no "specific instances of discord" to support the denial of reinstatement." *Id.*

Nevertheless, these considerations alone did not "support an alternate result, particularly in light of the other factors[,] which weigh heavily against reinstatement." *Id.* After once again denying Bogan's request for reinstatement, the district court reaffirmed its denial of front pay because Bogan failed to mitigate damages, noting that front pay is not "automatic" even when reinstatement is denied. *Id.* at *3–4. It "relied solely on the evidence presented at trial and heard through post-trial motions" and denied Bogan's requests for another evidentiary hearing and additional discovery because they were "unnecessary." *Id.* at *4.

Bogan appeals, contending that the district court abused its discretion by denying reinstatement based on the first two factors and by refusing to hold another evidentiary hearing or to allow additional discovery.

## II.

The exercise of a district court's equitable power to award front pay or reinstatement is reviewed for abuse of discretion. *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990). Both the decision whether to reopen the record and the denial of an evidentiary hearing are also subject to review for abuse of discretion. *See Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 551 (1983) ("On remand, the decision whether to reopen the record should be left to the sound discretion of the trial court."); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011) ("We review the district court's denial of an evidentiary hearing for abuse of discretion.").

### A.

Reinstatement is the preferred equitable remedy under Title VII. *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1469 (5th Cir. 1989). This court considers several factors when determining whether to award or deny reinstatement. *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 489 (5th Cir. 2007) (in reviewing a district court's decision to award or deny reinstatement, we consider a number of factors, such as "whether positions now exist comparable to the plaintiff's former position," "whether reinstatement would require an employer to displace an existing employee," "whether the plaintiff has changed careers," and "whether animosity exists between the plaintiff and [the] former employer"). "[E]xcept under extraordinary circumstances . . . innocent incumbents may not be displaced." *Id.*

Courts generally award front pay if reinstatement is not appropriate or possible, but denying one does not necessarily result in awarding the other. *Id.*; *Hadley v. VAM P T S*, 44 F.3d 372, 376 (5th Cir. 1995) ("Front pay is an equitable remedy that can be employed when reinstatement is not feasible."); *Hansard*, 865 F.2d at 1469–70 (instructing that if the district court "finds on remand that [Plaintiff] cannot be reinstated, the court must consider his failure to mitigate his damages in determining the extent to which, *if at all*, front pay is appropriate") (emphasis added). In fact, this court has left open the possibility of denying both. In *Hadley v. VAM P T S*, we remanded to the district court for a reconsideration of its denial of front pay even though the district court also found reinstatement not feasible, leaving open the possibility that it would award neither. 44 F.3d at 374, 376–77 (remanding for reconsideration of front pay determination "[w]ithout expressing any opinion on how the court's discretion should be exercised"). More recently, we affirmed a district court's reduction of a successful plaintiff's jury award, its award of only $1 in nominal damages, and its denial of both front pay and

reinstatement. *Schaeffer v. Warren Cty., Miss.*, 744 F. App'x 871 (5th Cir. 2018) (per curiam), *aff'g*, 2017 WL 5709640, at *1–7 (S.D. Miss. Nov. 27, 2017). It may be "unusual," as we noted in Bogan's first appeal, to deny both front pay and reinstatement, as well as "meaningful retrospective" relief, after a finding of discrimination, but it is not unheard of. *Bogan*, 919 F.3d at 336.[1]

On appeal, Bogan contends that neither of the first two considerations support the district court's denial of reinstatement. She claims that the "many changes" to her former position are not significant enough and that she did not successfully change careers to social work. Both claims are unavailing.

We have already found that the district court properly determined that these two factors weigh against reinstatement. *Id.* at 337. Furthermore, as the district court noted, the record makes clear that these factors "weigh heavily against reinstatement." *Bogan*, 2020 WL 957414, at *3. The position Bogan held no longer exists as it did when she worked at MTD, there have been substantial updates to the machine and process she worked on, and there is no room in MTD's relevant departmental budget for additional employees. Reinstating Bogan would thus require displacing an innocent employee, which we disfavor except under "extraordinary circumstances." *Palasota*, 499 F.3d at 489.

The district court also relied on ample evidence confirming, as we did in the first appeal, that Bogan's intent to change careers to social work counsels against reinstatement. Though she had not yet found full-time

---

[1] Other circuits have also affirmed denials of both front pay and reinstatement under similar circumstances. *See*, *e.g.*, *Olivares v. Brentwood Indus.*, 822 F.3d 426, 430 (8th Cir. 2016) (affirming denial of both front pay and reinstatement when only nominal damages were awarded and no comparable positions were available).

employment in social work, she demonstrated a clear pursuit of this new path by, among others, obtaining her social work degree and applying for multiple positions in the field.

The district court did not abuse its discretion by denying both reinstatement and front pay here. *See Schaeffer*, 744 F. App'x at 871; *Hadley*, 44 F.3d at 376–77.

**B.**

"The mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007). We remanded to the district court "for further proceedings without suggesting how [it] should exercise its discretion based on the two factors that remain or other permissible considerations that [it] may find relevant." *Bogan*, 919 F.3d at 340. Our only instruction was to reconsider its reinstatement determination "with two fewer factors on the 'no reinstatement' side of the scale." *Id.*

The district court did exactly that. Bogan insists that the district court should have allowed for additional discovery or held another evidentiary hearing at which she could present evidence of her willingness to accept a lower-paying role at MTD. She reminds us that a district court "may not disregard the explicit directives of [the appellate] court." *In re Abbott*, 956 F.3d 696, 710 (5th Cir. 2020) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).

But we did not instruct the district court to reopen discovery or hold additional evidentiary hearings. In fact, we were silent on the matter and declined to suggest how the district court should proceed. The district court did as we instructed and explained why the first two factors were sufficient to deny Bogan's reinstatement, even without the remaining factors. *Bogan*, 2020 WL 957414, at *2–3. Far from abusing its discretion or disregarding

No. 20-60207

our directive, the district court followed our instructions and acted within its discretion to decline to reopen the record or hold another evidentiary hearing.

* * *

Because the district court did not abuse its discretion, we affirm.