Daniel PEREZ, Plaintiff,

v.

**VINNELL CORPORATION, Defendant.**

Civ. A. No. L–90–9.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 31, 1991.

---

Santiago Jimmy Sandoval, Laredo, Tex., for Daniel Perez.

John R. Erickson and Michael F. Marino, Reed, Smith, Shaw & McClay, McClean, Va., Steve Kardell, Jr., Vial, Hamilton, Koch & Knox, Dallas, Tex., for Vinnell Corp.

## MEMORANDUM OPINION

KAZEN, District Judge.

Pending is Defendant's motion to dismiss Plaintiff's amended complaint, or in the alternative, for summary judgment. This motion has been treated as a motion for summary judgment pursuant to this Court's order dated July 11, 1990.

The Plaintiff, Daniel Perez ["Perez"], filed this action for wrongful termination against his former employer Vinnell Corporation ["Vinnell"]. His first cause of action is for breach of contract. Perez contends that he was orally promised a job for so long as his work performance was satisfactory, and that since he continued to do a good job, his termination was wrongful and in violation of his employment contract.

Texas courts have long recognized that, absent a specific contract term to the contrary, employment relationships are terminable at will by either party. *Aiello v. United Air Lines*, 818 F.2d 1196, 1199 (5th Cir.1987); *East Line & R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888); *Hicks v. Baylor Univ. Medical Center*, 789 S.W.2d 299, 301 (Tex.App.—Dallas 1990, writ denied). Under this concept, known as the "employment-at-will" doctrine, an employer may terminate an employee at any time and for any reason. *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 539 (Tex.App.—Houston [1st Dist.] 1988, no writ). The reason need not be fair, reasonable or even correct. *See Id.*

Courts will limit this right of the employer only upon proof by the Plaintiff that "he and his employer had a contract that specifically provided that the employer did not have the right to terminate his employment at will, and that the contract was in writing." *Stiver v. Texas Instruments, Inc.*, 750 S.W.2d 843, 846 (Tex.App.—Houston 14th Dist.1988, no writ); *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d 403, 406 (Tex. App.—Beaumont 1987, writ ref'd n.r.e); *see also Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir.1989).

To the extent that Perez' claim is based on an alleged breach of a verbal promise, he cannot recover as a matter of law. Perez further contends, however, that Vinnell's Corporate Policy and Corporate Procedure manual constituted a contract which limited Vinnell's power to discharge at-will. He alleges that this contract was breached when Vinnell discharged him without following the disciplinary procedures in the manual.

As a general rule, an employment manual issued unilaterally by an employer does not create specific limitations upon an employer which prevent the application of the at-will doctrine. *Aiello*, 818 F.2d at 1198. This is especially true where the employee handbook contained express disclaimers that it did not constitute an employment agreement and specifically stated that it was subject to unilateral change by the employer at any time. *Hicks*, 789 S.W.2d at 303; *Berry v. Doctor's Health Facilities*, 715 S.W.2d 60, 61 (Tex.App.—Dallas 1986, no writ).

The Vinnell employee handbook contained identical provisions. It informed employees that the handbook did not constitute a contract with its employees, that

the information in the handbook was subject to change without notice, and that provisions could be added or deleted at Vinnell's sole discretion. Additionally, the acknowledgement form stated: "I understand that I am an employee-at-will and may be terminated from employment with or without notice and with or without cause." Perez acknowledged that he received Vinnell's handbook and was requested to sign that he was an at-will employee.

Perez contends, however, that an employee handbook or manual containing specific disciplinary procedural requirements may constitute an express contract between the employer and employee which limits the application of the Texas at-will doctrine. The Fifth Circuit found a contract modifying the at-will doctrine, where an employee's manual or handbook contained detailed procedures for discipline and discharge, *and* expressly recognized an obligation to discharge only for good cause. *Aiello*, 818 F.2d at 1198. In finding a contract, *Aiello* deemed it important that the employer stipulated that its policies prohibited termination without good cause and that the employee's supervisors had testified that they regarded the discharge procedures as comprehensive contract obligations which were to be followed. *Id.* at 1198.

In the instant case, Vinnell has not admitted the existence of an employment contract other than at-will. Vinnell's manual and handbook contained no provision that Vinnell could terminate employees only for just cause. In fact, Vinnell's employee handbook contained express language to the contrary. Moreover, it cannot be concluded that the Vinnell Corporate Procedures were meant to be comprehensive, or intended to be the only means to terminate employment. The Corporate Procedure manual states that the purpose of administrative action was to administer "disciplinary actions for violations of the Vinnell Corporation Rules of Conduct". It does not state that these procedures must be followed before an employee may be terminated or that Vinnell forfeited its right to terminate at-will on a non-disciplinary basis.

For all the foregoing reasons, Perez cannot recover on his contract claim as a matter of law.

■ Perez' second cause of action is based on fraud. Texas courts will allow recovery for fraud only where the defrauded party "had a right to rely" on a misrepresentation. *Edwards v. Allied Chem. Corp.*, 414 F.2d 60, 64 (5th Cir.1969). By law, Perez had no right to rely on the alleged oral promise that he could work for as long as he did a satisfactory job. With respect to the alleged failure to follow the corporate policy and procedure for disciplinary actions, the handbook expressly informs Vinnell's employees that "no employee may rely upon this handbook to determine his or her employment privileges, but instead should direct any inquiries to the Director, Administration and Corpsmember Support." Moreover, as discussed above, the handbook also expressly provided that it was only a guide, not a contract, and that Perez remained an at-will employee. Under these circumstances, Perez had no right to rely on any contrary statements.

Accordingly, this Court GRANTS Defendant Vinnell's motion for summary judgment.