**FEDERAL EXPRESS CORPORATION,**
Petitioner,

v.

**Marcie DUTSCHMANN, Respondent.**

No. D–3185.

Supreme Court of Texas.

Feb. 3, 1993.

Phillip R. Jones, William Gary Fowler, Dallas, Connie Lewis Lensing, Memphis, TN, for petitioner.

Jon R. Ker, Hewitt, for respondent.

PER CURIAM.

Marcie Dutschmann sued for wrongful discharge from employment. The jury found that: (1) Dutschmann was discharged in retaliation for filing claims of sexual harassment against fellow employees; (2) Federal Express had contracted to provide a "Guaranteed Fair Treatment Procedure" to Dutschmann; and (3) Federal Express breached a duty of good faith and fair dealing in the conduct of the GFTP. The jury awarded actual damages on the retaliatory discharge and breach of contract claims, and punitive damages on the breach of good faith and fair dealing. Judgment was rendered on the jury findings and the court of appeals, with one justice dissenting in part, affirmed. 838 S.W.2d 804.

We disagree with the court of appeals' opinion that the trial court was correct in submitting a jury question regarding the existence of an employment contract because no contract existed as a matter of law between the parties. However, we affirm the judgments of the court of appeals and the trial court regarding statutory damages because, despite the lack of an employment contract, the statutory damage award is supported by the finding of retaliatory discharge.

Because Dutschmann is not entitled to an award of punitive damages without a finding of actual tort damages, we reverse that

portion of the judgments of the court of appeals and trial court awarding punitive damages to Dutschmann.

Federal Express discharged Dutschmann from employment for allegedly falsifying delivery records. Federal Express's employee handbook stated that employment was at-will, that the handbook did not constitute an employment contract, and that the handbook could be modified or withdrawn at any time. Dutschmann signed an agreement acknowledging receipt of the handbook and acknowledging that the handbook did not create an employment contract or otherwise modify her at-will employment status.

The handbook outlined Federal Express's "Guaranteed Fair Treatment Procedure" (GFTP), which permitted discharged employees to receive a review of their termination, with the possibility of reinstatement. Dutschmann availed herself of the GFTP, appealing all the way to the Board of Review, a final discretionary review granted by the chief executive officer of Federal Express. During the GFTP, Dutschmann alleged that she was fired in retaliation for making sexual harassment complaints against a co-worker several years prior to her discharge.

After her termination was upheld by the Board of Review, Dutschmann filed this suit. The jury found Federal Express liable for retaliatory discharge under the Texas Commission on Human Rights Act, TEX. REV.CIV.STAT.ANN. art. 5221k § 5.05 (Vernon 1987) (the "Act"), for breach of contract with regard to the GFTP, and for breach of a duty of good faith and fair dealing with regard to the GFTP. The jury awarded $20,000 in actual damages based on the findings of retaliatory discharge and breach of contract, and $50,000 in punitive damages based on the breach of duty of good faith and fair dealing.

■ The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary. *Schroeder v. Texas Iron Works*, 813 S.W.2d 483, 489 (Tex.1991); *East Line*

*& R.R.R. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888).

The Federal Express employee handbook, which outlined the GFTP, expressly provided that the handbook did *not* create any contractual rights. Further, the Federal Express Personnel Policy & Procedure Manual, which detailed the GFTP, stated that "the policies and procedures set forth in this manual provide guidelines for management and employees during employment, but do not create contractual rights regarding termination or otherwise." Significantly, Dutschmann signed a "Record of Receipt" for the handbook, acknowledging that "I understand (the handbook) is not a contract and the information provided may need to be changed by the company from time to time."

■ A disclaimer in an employee handbook, such as the one included by Federal Express, negates any implication that a personnel procedures manual places a restriction on the employment at will relationship. *See Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 6 (Tex.App.—Corpus Christi 1991, no writ); *Hicks v. Baylor Univ. Med. Center*, 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Berry v. Doctor's Health Facilities*, 715 S.W.2d 60, 61–62 (Tex.App.—Dallas 1986, no writ); *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 470 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 591, 116 L.Ed.2d 615 (1991) (employee signed acknowledgement that employee handbook did not constitute a contract); *Perez v. Vinnell Corp.*, 763 F.Supp. 199, 200–01 (S.D.Tex.1991) (employee manual expressly provided that it was a guide, not a contract); *White v. Federal Express Corp.*, 729 F.Supp. 1536, 1547–49 (E.D.Va.1990), *aff'd*, 939 F.2d 157 (4th Cir.1991) (same employee handbook at issue in the current case held not to be a contract modifying at-will employment); *Bowser v. McDonald's Corp.*, 714 F.Supp. 839, 842 (S.D.Tex.1989) (employee manual provided that employment was at will). *See also* RESTATEMENT (SECOND) OF CONTRACTS § 21 (1979) (manifestation of intention that a promise shall not affect legal relations may prevent the formation of a

contract); Mark G. Yudof, *Contorts and the Muddled Quest for Bright Lines,* 1991 STATE BAR OF TEXAS ADVANCED CIVIL TRIAL COURSE § MM-8 (promissory obligations are voluntarily assumed, therefore they may be voluntarily disclaimed).

The court of appeals' distinction between employee handbooks that establish policies during employment and those that grant post-termination rights ignores that Federal Express's explicit disclaimer is found in the Personnel Policy and Procedure Manual. And it is that manual which outlined the GFTP available for terminated employees.

■ As a matter of law, no contract restricting the employment at will relationship existed between Federal Express and Dutschmann. However, the jury's award of actual damages and attorney's fees was based on both breach of contract and retaliatory discharge. These damages are supported as statutory damages by the finding of retaliatory discharge, even though no contract existed as a matter of law. TEX. REV.CIV.STAT.ANN. art. 5221k § 5.05. Therefore, we affirm the award of actual damages and attorney's fees.

■ There is no finding of actual tort damages in the record in this case.[1] Recovery of punitive damages requires a finding of an independent tort with accompanying actual damages. *Texas Nat'l Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex.1986); *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986); *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 745 (Tex.1986); *Doubleday & Co. v.*

**1.** The trial court submitted to the jury a question regarding breach of the duty of good faith and fair dealing by Federal Express which the jury found in favor of Dutschmann. The tort duty of good faith and fair dealing has been found only in certain "special relationships." *See, e.g., Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 212-13 (Tex.1988); *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). We have declined to recognize a general duty of good faith and fair dealing in the employer-employee relationship. *Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723, 724-25 n. 2 (Tex.1990); *McClendon v. Ingersoll-Rand Co.,* 779 S.W.2d 69, 70 n. 1 (Tex.1989), *rev'd on other grounds,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *see also Day &*

*Rogers,* 674 S.W.2d 751, 753-54 (Tex.1984). Without a finding of tort damages, Dutschmann is not entitled to any award of punitive damages.

Pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of this court grants petitioner's writ of error, reverses the portion of the judgments of the court of appeals and the trial court awarding punitive damages and renders judgment for Federal Express on that issue. The judgments of the court of appeals and the trial court are affirmed in all other respects.

*Zimmermann, Inc. v. Hatridge,* 831 S.W.2d 65, 71 (Tex.App.—Texarkana 1992, writ denied); *Winograd v. Willis,* 789 S.W.2d 307, 312 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Hicks,* 789 S.W.2d at 303–04; *Lumpkin v. H & C Communications, Inc.,* 755 S.W.2d 538, 540 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

However, no damages question was submitted to the jury with respect to the breach of good faith and fair dealing. Consequently, the jury did not find that Dutschmann suffered actual tort damages as a result of any breach of the duty of good faith and fair dealing. Therefore we do not revisit the question of whether the duty of good faith and fair dealing exists in an employment relationship.