Lee A. **PEHNKE**

v.

The **CITY OF GALVESTON.**

Civil Action No. G–97–379.

United States District Court, S.D. Texas, Galveston Division.

Sept. 24, 1997.

J. Michael Fieglein, Galveston, TX, for Plaintiff.

John Edward Eckel, Mills Shirley Eckel & Bassett, Galveston, TX, for Defendant.

## ORDER

KENT, District Judge.

Now before the Court is Plaintiff's Motion to Remand of August 28, 1997. For the reasons set forth below, Plaintiff's due process, equal protection, breach of contract, and state constitutional claims are *sua sponte* **DISMISSED WITH PREJUDICE.** As to the allegations of libel and slander, the Motion is **GRANTED** and Plaintiff's libel and slander claims are hereby **REMANDED** back to the 56th District Court of Galveston County, Texas.

## I. FACTUAL SUMMARY

Prior to his dismissal, Plaintiff was employed as a garage superintendent by Defendant, the City of Galveston.[1] On January 25, 1996, Robert D. Richardson, Director of Finance for the City garage, prepared and published a memorandum which outlined items discussed in a "pre-disciplinary" hearing that had been held the night before concerning Plaintiff's job performance. Plaintiff alleges that the memo falsely accused him of misfeasance and malfeasance in his conduct of employment.[2] Plaintiff also alleges that he responded to the memo by providing information to Mr. Richardson which established the falsity of the allegations contained in the memo. Nonetheless, Plaintiff was terminated by the City on March 13, 1996. After Plaintiff was unsuccessful in securing reversal of his termination and retraction of the published memorandum through a hearing process as provided in the City's Personnel Rules and Regulations, he filed this action in Galveston state court on June 20, 1997. Plaintiff asserts breach of contract, libel, slander, and violations of both the Texas and United States Constitutions. The case was timely removed to this Court on July 2, 1997.

On July 11, 1997, this Court considered and granted Defendant's Motion for a More Definite Statement. At that time, the Court

---

1. Plaintiff had been employed by the City in some capacity for over fourteen years.

2. Neither party specifies what was actually contained in the memorandum.

found that Plaintiff's Original Complaint was hopelessly and unnecessarily vague, making it impossible to determine exactly what legal grievance Plaintiff was alleging. Consequently, Plaintiff was ORDERED to "set out and distinguish specifically what theories he pleads" against Defendant by filing an amended complaint with this Court within 30 days. Plaintiff, however, failed to do so; instead, Plaintiff filed an Amended Complaint over two weeks late without explanation. Although lateness may be fashionable in certain social circles, law and high society are worlds apart. In this Court, punctuality is a paramount virtue. Disregarding time constraints can result in unfortunate consequences.[3] Plaintiff's counsel should consider himself forewarned that in the future such violations will result in **SEVERE** sanctions.

## II. EQUAL PROTECTION CLAIM

In his Original Complaint, Plaintiff vaguely alleges that he was unlawfully terminated in violation of his "rights to equal protection afforded by the laws and constitution." The Court reads Plaintiff's Complaint as alleging an equal protection violation. Plaintiff argues in his Motion to Remand that this Court lacks subject matter jurisdiction; however, equal protection claims clearly arise under the Constitution as required by 28 U.S.C. § 1331. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution...").[4] Although Plaintiff alleges equal protection, he makes no mention whatsoever of the threshold requirements for such a claim. The Equal Protection Clause requires similar treatment of all persons similarly situated. See U.S. CONST. amend. XIV ("No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."); see also City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (not-

ing that the Equal Protection Clause "commands" like treatment of those similarly situated); Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982). The Supreme Court has developed a general rule for testing official action that is challenged on equal protection grounds. The proper inquiry focuses on three elements: a classification; the purpose of the classification; and the fit between the classification and purpose. See Johnson v. Rodriguez, 110 F.3d 299, 306 (5th Cir.), petition for cert. filed, 66 U.S.L.W. 3178 (U.S. Sept. 2, 1997) (No. 97–403); Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir.1988). "Because the [C]lause's protection reaches only dissimilar treatment among similar people, if the challenged government[al] action does not appear to classify or distinguish between two or more relevant persons or groups, then the action does not deny equal protection...." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 932 (5th Cir.1988) (emphasis added); see also Vera v. Tue, 73 F.3d 604, 609–10 (5th Cir.1996) ("A violation of the [E]qual [P]rotection [C]lause occurs only when ... the governmental action in question classifies between two or more relevant persons or groups."). In the present case, Plaintiff fails to establish that a classification was made by the City. Plaintiff also fails to allege that he is a member of a suspect or protected class, or any class for that matter. Furthermore, in addition to demonstrating a classification, it is well-established that a party who wishes to make out an equal protection claim must also prove the existence of purposeful discrimination motivating the alleged state action. See Washington v. Davis, 426 U.S. 229, 246–50, 96 S.Ct. 2040, 2051–52, 48 L.Ed.2d 597 (1976) ("The requirement of purposeful discrimination is a common thread running through [equal protection] cases ..."); see also Romer v. Evans, 517 U.S. 620, ——, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996) ("[I]f the constitutional conception of 'equal protection of the laws' means anything, it

---

**3.** Perhaps more distressing to the Court is the poor quality of the motions filed by both parties.

**4.** In Defendant's Reply to Plaintiff's Motion to Remand, Defendant asks the Court to retain jurisdiction until such time as the underpinnings of Plaintiff's theories can be more exactly identified.

This the Court cannot and will not do. Justice marches on. Despite two efforts at it, Plaintiff has failed to clarify his claims before this Court. Therefore, Plaintiff's claims will be dealt with as reasonably interpreted by the Court.

must at the very least mean that a bare ... desire to harm a politically unpopular group cannot constitute a legitimate governmental interest.") (emphasis added) (quoting *Department of Agriculture v. Moreno*, 413 U.S. 528, 534, 93 S.Ct. 2821, 2826, 37 L.Ed.2d 782 (1973)). Plaintiff does not allege that he was terminated due to his membership within a class, he does not allege any *animus* towards a class of which he is a part, nor does he allege that others similarly situated have been treated differently. Rather, Plaintiff merely *mentions* equal protection, offering no explanation for its applicability in this case. This Court has no idea what theory of equal protection Plaintiff intends to pursue, and, given this Court's caseload, does not have the time or wherewithal to ferret it out. That is the job of Plaintiff's counsel. However, even if properly plead, it is clear that no such violation could be established by Plaintiff. According to the facts alleged in his own pleadings, Plaintiff was terminated for alleged misfeasance and malfeasance in the conduct of his employment following a pre-disciplinary hearing; by his own admission, no classification was made, no purposeful discrimination was involved, and his termination had *nothing* to do with his membership within a class. Therefore, Plaintiff's equal protection claim is insupportable as a matter of law. If anything, this case appears to be a simple libel and slander case. Thus, to the extent that Plaintiff alleges an equal protection violation, such claim is *sua sponte* **DISMISSED WITH PREJUDICE.**

## III.  DUE PROCESS AND BREACH OF CONTRACT CLAIMS

■ Due to vague references to the Constitution, and because Plaintiff alleges that he did not get a fair and impartial review by the City regarding his termination, it appears that Plaintiff is alleging a violation of due process under the Fourteenth Amendment to the United States Constitution. This Court will read Plaintiff's ambiguous pleadings as such. The Due Process Clause provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend XIV. In order to establish a violation of due process when employment has been termi-

nated, a plaintiff must clearly establish the existence of a constitutionally protected property interest. *See Bishop v. Wood*, 426 U.S. 341, 344–45, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Brown v. Texas A & M University*, 804 F.2d 327, 333 (5th Cir.1986). A property interest for the purpose of due process claims is "an individual entitlement grounded in state law, which cannot be removed except for 'just cause' " *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982) (" 'Once that characteristic is found, the types of interests protected as "property" are varied and, as often as not, intangible, relating "to the whole domain of social and economic fact." ' " (quoting *National Mutual Insurance Co. v. Tidewater Transfer Co.*, 337 U.S. 582, 646, 69 S.Ct. 1173, 1209, 93 L.Ed. 1556 (1949) (Frankfurter, J., dissenting))). Thus, although the Constitution provides procedural safeguards to prevent deprivation of property interests, the interests themselves are created by state statute, local ordinance, written contract, or mutually explicit understandings enforceable under state law as express or implied contracts. *See Johnson v. Southwest Miss. Regional Med. Center*, 878 F.2d 856, 858 (5th Cir.1989) (citing *Perry v. Sindermann*, 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972)); *Irby v. Sullivan*, 737 F.2d 1418, 1421 (5th Cir.1984) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972)). The Court must therefore look to the laws of Texas to determine whether a property right exists. *See, e.g., Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir.1994), *aff'd in part rev'd in part on reh'g en banc*, 47 F.3d 1427 (5th Cir.1995) (holding that a police chief's dismissal did not implicate the Due Process Clause); *Williams v. Texas Tech Univ. Health Sciences Ctr.*, 6 F.3d 290, 293 (5th Cir.1993); *Johnson*, 878 F.2d at 858; *Henderson v. Sotelo*, 761 F.2d 1093, 1096 (5th Cir.1985).

■ It has been well-established in Texas for over a century that all employees are presumed to be hired "at-will." *See Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985) (noting that in 1888 the Texas Supreme Court held that "employment for an

indefinite term may be terminated at will and without cause" and observing that "[t]he courts of Texas have steadfastly refused to vary from that holding."); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). If there are no specific contract terms or express agreements to the contrary, the employment relationship may be terminated at any time by either the employer or employee. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 311 (5th Cir.1995); *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir.1993); *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993); *Hauck*, 687 S.W.2d at 734; *East Line & R.R.R. Co.*, 72 Tex. at 75, 10 S.W. at 102. To overcome the at-will presumption, Plaintiff must establish that he and his employer had an enforceable contract specifically depriving the employer of the right to terminate the employment relationship at will. *See Federal Express Corp.*, 846 S.W.2d at 283; *Hauck*, 687 S.W.2d at 734. Plaintiff alleges in his Complaint that "[b]y reason of his employment relationship" with the City, he had the contractual guarantee that he would not be terminated except for just cause. After two attempts at pleading his case, Plaintiff has not alleged a written or enforceable oral contract, a statute, or anything else that would alter his at-will status.[5] As the Texas Supreme Court stated over one hundred years ago, "when the term of service is left to the discretion of either party, or the term left indefinite, or

determinable by either party, that either may put an end to it at will, and so without cause." *East Line & R.R.R. Co.*, 10 S.W. at 102, 72 Tex. at 75. Because Plaintiff alleges no basis that alters his at-will status, this Court will not infer that one exists.[6]

For these reasons, the Court determines that Plaintiff was at all times an employee at-will and that he had no property interest in continued employment with the City of Galveston. Without a property right in employment there can be no due process violation. Therefore, the Court on its own motion finds that Plaintiff fails to state a due process claim under the United States Constitution and *sua sponte* **DISMISSES WITH PREJUDICE** any such claim.

■■ When a District Court properly has original jurisdiction over a matter, 28 U.S.C. § 1367(a) allows the court to exercise supplemental jurisdiction over related state law claims involved in the case arising from common facts. *See Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993) ("District Courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed."). Section 1367 provides in relevant part:

(a) Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have sup-

---

5. This Court held in a similar case that a traffic technician employed with the City of Galveston had no property right in continued employment. *See Brown v. City of Galveston*, 870 F.Supp. 155, 160 (S.D.Tex.1994) (Kent, J.). In *Brown*, the Court found as a matter of law that the City's Personnel Rules and Regulations did not, and could not standing alone, alter a City employee's at-will status. *Id.* The analysis in the present case is virtually the same. *See also Youngblood v. City of Galveston*, 920 F.Supp. 103, 105–06 (S.D.Tex.1996) (Kent, J.) (holding that a public employee had no property interest in continued employment as a municipal judge).

6. The Court is sympathetic to Plaintiff, who was discharged after fourteen years with the City; however, Plaintiff has plead no legally cognizable and maintainable federal cause of action. Even if Plaintiff could establish a property interest in continued employment, which he cannot, it is still unlikely that a due process violation could be

established. As the Supreme Court has aptly stated:

"The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."

*Bishop*, 426 U.S. at 349, 96 S.Ct. at 2079.

plemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Pursuant to § 1367(a), this Court exercises its supplemental jurisdiction over Plaintiff's breach of contract claim. To establish a breach of contract claim in Texas a party must show: (1) the existence of a valid contract; (2) that Plaintiff performed or tendered performance; (3) that Defendant breached the contract; and (4) that Plaintiff was damaged as a result of the breach. *See Landrum v. Devenport,* 616 S.W.2d 359, 361 (Tex.Civ.App.—Texarkana 1981, no writ); *Bradley v. Houston State Bank,* 588 S.W.2d 618, 624 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Plaintiff alleges that the City committed a breach of contract when it terminated his employment; however, as discussed above, the employment at-will relationship may be terminated at any time by either the employer or employee. *See Duffy,* 44 F.3d at 311; *Moulton,* 991 F.2d at 230; *Federal Express Corp.,* 846 S.W.2d at 283; *Hauck,* 687 S.W.2d at 734; *East Line & R.R.R. Co.,* 72 Tex. at 75, 10 S.W. at 102. Thus, having already established that Plaintiff was at all times an employee at-will, Plaintiff's breach of contract claim is insupportable as a matter of law and is hereby *sua sponte* **DISMISSED WITH PREJUDICE.**

## IV. VIOLATIONS OF THE TEXAS CONSTITUTION

■ In his Complaint, Plaintiff also alleges unlawful termination in violation of the Texas Constitution. Plaintiff fails, however, to specify what provision of the Texas Constitution the City allegedly violated. The Court will also exercise its supplemental jurisdiction over this state law claim. Texas has not recognized as actionable violations of the Texas Constitution. *See Eugene v. Alief I.S.D.,* 65 F.3d 1299, 1306 (5th Cir.1995), *cert. denied sub nom. Conley v. Eugene,* —— U.S. ——, 116 S.Ct. 1680, 134 L.Ed.2d 782 (1996) (noting that there are no state constitutional torts in Texas); *Gillum v. City of Kerrville,* 3 F.3d 117, 122 (5th Cir.1993); *Bagg v. University of Tex. Medical Branch,* 726 S.W.2d 582, 584 n. 1 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) ("Texas has a strong bill of rights, but . . . no Texas statute or case . . . provides a citizen the kind of redress afforded by 42 U.S.C. § 1983 or by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). There is no state constitutional tort."). This Court will follow the weight of authority and the express dictates of the Fifth Circuit on this matter; therefore, Plaintiff's claim alleging violation of the Texas Constitution is hereby **DISMISSED WITH PREJUDICE.**

## V. LIBEL AND SLANDER CLAIMS

Finally, Plaintiff has also alleged libel and slander. In accordance with § 1367(c)(3), the Court declines to exercise its supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3) (allowing a District Court to decline jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"). These claims are hereby **REMANDED** back to Galveston state court from whence they came. The Plaintiff is cautioned that this Court will retain plenary jurisdiction over this matter to enforce its Order in perpetuity. If at any time, upon sworn affidavit of Defendant, the Court learns that Plaintiff has violated this Order by attempting in his remanded action to again allege, *or even infer,* constitutional claims, Plaintiff and his counsel will be sub-

ject to **A FINDING OF CONTEMPT OF COURT THAT COULD RESULT IN SEVERE SANCTIONS, INCLUDING INCARCERATION.**

For the reasons set forth above, Plaintiff's breach of contract, equal protection, and due process claims are **DISMISSED WITH PREJUDICE.** Furthermore, Plaintiff's claims alleging violation of the Texas Constitution are **DISMISSED WITH PREJUDICE.** Plaintiff's only remaining claims alleging libel and slander are **REMANDED** back to the 56th District Court of Galveston County, Texas, from which it was removed. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."); *Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924 (5th Cir.1992) (holding that a remand of a maritime claim for lack of removal jurisdiction may not be reviewed by appeal or otherwise).

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court on this day, Plaintiff's claims alleging violation of the Texas Constitution are hereby **DISMISSED WITH PREJUDICE.** Furthermore, Plaintiff's breach of contract, equal protection, and due process claims are also **DISMISSED WITH PREJUDICE.** As to the remaining claims of libel and slander, Plaintiff's Motion to Remand is **GRANTED** and Plaintiff's libel and slander causes of action are **REMANDED** back to Galveston state court. The parties are **ORDERED** to bear their own tax-

able costs and expenses incurred herein to date.

**THIS IS A FINAL JUDGEMENT.**