**Affirmed and Memorandum Opinion filed February 18, 2021.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00640-CV

**DAVID LEE STUDER, P.E., Appellant**

**v.**

**JACK B. MOORE AND ONESUBSEA, LLC, Appellees**

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-19260**

## MEMORANDUM OPINION

Appellant David Lee Studer, P.E. worked for Cooper Cameron Corporation (Cameron).[1] After he was fired, Studer sued Cameron and its former chief operating officer, Jack B. Moore (the Cameron parties), for breach of contract, fraud and fraudulent inducement, commercial disparagement, and civil conspiracy. The Cameron parties filed a motion for summary judgment on Studer's claims, and

---

[1] Cameron was later renamed OneSubsea, LLC. As do the parties, we refer to appellee OneSubsea as Cameron.

the trial court rendered judgment in the Cameron parties' favor.[2]

On appeal, Studer argues the trial court erred by rendering summary judgment on his breach-of-contract, fraud and fraudulent-inducement, and commercial-disparagement claims.[3] He also argues the trial court erred by staying discovery to consider the Cameron parties' summary-judgment motion. We affirm.[4]

## I. BACKGROUND

Studer worked as an engineer for Cameron. He was fired after issuing a stop-work order concerning pressure testing certain Cameron products, citing safety concerns. Cameron's code of conduct in effect at the time included an anti-retaliation provision stating, "Our Company strictly prohibits acts of retaliation against us for reporting a possible violation." The code of conduct also stated, "This Code does not, nor is it intended to, confer any rights or benefits of employment or constitute an assurance of continued employment or employment other than at-will."

Before filing their motion for summary judgment, the Cameron parties filed a motion to stay discovery, including staying their responses to pending requests for written discovery from Studer, until their summary-judgment motion could be filed and decided. The trial court granted the request, staying discovery until rendering summary judgment in the Cameron parties' favor.

---

[2] The trial court's January 24, 2019 final judgment states, "This is a final order dismissing all parties and all claims." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). The notice of appeal was filed August 6, 2018.

[3] Studer does not appeal the trial court's rendition of judgment on his civil-conspiracy claim.

[4] This case was previously dismissed for lack of a clerk's record. No. 14-17-00876-CV (Tex. App.—Houston [14th Dist.] Feb. 13, 2018, no pet.). At that time, there was no signed final judgment on file.

## II.   ANALYSIS

### A.   Standard of review and appellate record

The Cameron parties filed a motion for traditional summary judgment. *See* Tex. R. Civ. P. 166a(c). To prevail on a motion for traditional summary judgment, the moving party has the burden to show there is no genuine issue of material fact, thereby entitling the movant to judgment as a matter of law. *Id*.[5]

### B.   Breach of contract

In his first issue, Studer argues the trial court erred in rendering summary judgment on his breach-of-contract claim by determining that the code of conduct on which Studer relies is not an enforceable contract as a matter of law. Studer

---

[5] While there is reference to a summary-judgment "opposition" filed by Studer in certain documents in the record before us, we find no such response in the record. We note, however, that the nonmovant is not required to file a response to defeat a motion for traditional summary judgment because deficiencies in the movant's own proof or legal theories might defeat its right to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.").

We further note that, while the record does not contain Studer's summary-judgment response, it does contain Studer's second amended petition filed after the Cameron parties filed their motion for summary judgment. The Cameron parties did not amend their summary-judgment motion in response to the amended petition. If a motion for summary judgment is sufficiently broad to encompass later-filed claims, the movant does not need to amend its motion to be entitled to judgment as a matter of law. *See Espeche v. Ritzell*, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). However, a party "may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (citing *Clear Creek Basin*, 589 S.W.2d at 678).

The dispositive issues in this appeal revolve around the legal question of whether the code of conduct altered Studer's at-will employment, an argument that the Cameron parties raised in their motion for summary judgment, and that Studer is entitled to challenge on appeal even in the absence of a summary-judgment response. *See Clear Creek Basin*, 589 S.W.2d at 678; *Espeche*, 123 S.W.3d at 664.

argues that the anti-retaliation provision in the code, which stated, "Our Company strictly prohibits acts of retaliation against us for reporting a possible violation," constitutes an enforceable contract altering the at-will employment relationship.

Under Texas law, employment is presumed to be at-will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary. *Fed. Exp. Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993) (per curiam); *see Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). To alter the at-will employment relationship, a writing must "directly limit in a 'meaningful and special way' the employer's right to terminate the employee at-will." *Smith v. SCI Mgmt. Corp.*, 29 S.W.3d 264, 267 (Tex. App.—Houston [14th Dist.] 2000, no pet.). However, a disclaimer in an employee handbook, such as the code of conduct here, negates any implication that the handbook places a restriction on the employment-at-will relationship. *See Dutschmann*, 846 S.W.2d at 283 (disclaimer in handbook negated claim of retaliatory discharge).

As noted above, the Cameron code of conduct contains a disclaimer that the code does not alter employment at will. This case accordingly falls squarely within *Dutschmann*, in which the supreme court held that a disclaimer negates claims that representations in an employee handbook alter at-will employment. *Id.*

Studer argues that the trial court nevertheless erred in rendering summary judgment because additional discovery was needed to address fact-specific inquiries relating to the code of conduct. Studer, however, does not base his claim on anything other than language of the code of conduct. Whether the code constituted an enforceable contract altering at-will employment is a determination that the trial court could make as a matter of law and for which additional discovery was not needed. *See id.*

We overrule Studer's first issue.

## C.     Fraud and commercial disparagement

In his third issue, Studer first argues that the trial court erred in rendering summary judgment on his claims of fraud and fraudulent inducement. Studer's fraud claims, like his breach-of-contract claim, are premised on the argument that the code of conduct's anti-retaliation provision altered the at-will employment relationship. Our conclusion that the code did not alter Studer's at-will status, however, precludes his fraud claims, because an at-will employee cannot bring fraud claims that depend on continued employment. *Sawyer v. E.I. Du Pont De Nemours & Co.*, 430 S.W.3d 396, 401–02 (Tex. 2014) ("To allow a promise that is contingent on continued at-will employment to be enforced in a suit for fraud would mock the refusal of enforcement in a suit for breach of contract, making the non-existence of a contract action largely irrelevant, and would significantly impair the at-will rule.").

Studer next argues that the trial court erred in rendering summary judgment on his commercial-disparagement claim because, contrary to the Cameron parties' arguments, Studer properly pleaded this claim. In its motion for summary judgment, Cameron argued that Studer's commercial-disparagement claim did not meet fair-notice pleading standards, but also argued that each of the statements on which Studer could have based his claim were protected by the judicial-proceedings privilege. Studer does not address Cameron's privilege argument on appeal. When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 120–21 (Tex. 1970) (affirming summary judgment based on unchallenged ground of affirmative defense of limitations but expressing "no opinion as to whether a grant of summary judgment would be proper or

erroneous" on that ground). Because Studer does not address the Cameron parties' judicial-proceedings-privilege argument, a ground on which the trial court could have based its summary judgment on Studer's commercial-disparagement claim, we must reject his challenge to the dismissal of this claim. *See id.*

We overrule Studer's third issue.

## D.    Stay of discovery

In his second issue, Studer argues that the trial court erred by granting a stay of discovery to consider Cameron's summary-judgment motion. Our disposition of Studer's other issues, however, forecloses his challenge to the stay of discovery. Studer's breach-of-contract and fraud claims rely on his argument that the code of conduct altered his at-will employment. As above, given that this inquiry is limited to the language of the code, we cannot say that trial court abused its discretion by determining that additional discovery would not have aided in the task of construing the code. *See* Tex. R. Civ. P. 192.4 (trial court has authority to limit scope of discovery based on needs of case); *see also MCI Telecommunications Corp. v. Tex. Utilities Elec. Co.*, 995 S.W.2d 647, 650–51 (Tex. 1999) (construction of unambiguous written instrument is question of law). In addition, because we conclude that Studer did not challenge all grounds on which the trial court could have rendered summary judgment on his business-disparagement claim, we could not grant him relief on this claim even if his discovery argument had merit. *See Malooly Bros.*, 461 S.W.2d at 120–21. Accordingly, we do not reach Studer's discovery argument with regard to his business-disparagement claim. *See* Tex. R. App. P. 47.1.

We overrule Studer's second issue.

6

### III.   CONCLUSION

We affirm the trial court's judgment as challenged on appeal.


/s/     Charles A. Spain
          Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.