Dennis Ray LOFTIS, Appellant

v.

TOWN OF HIGHLAND PARK, Appellee.

No. 11–93–357–CV.

Court of Appeals of Texas,
Eastland.

Jan. 26, 1995.

Thomas E. Trahan, Andrew B. Sommerman, Sommerman, & Moore, Dallas, for appellant.

Gordon K. Wright, Richard A. Sayles, Carrington, Colemen, Sloman & Blumenthal, McKinney, for appellee.

Before McCLOUD *, C.J., and BROWN * and DICKENSON, JJ.

OPINION

McCLOUD, Chief Justice (Retired).

Dennis Ray Loftis sued the Town of Highland Park alleging that the Town wrongfully

---

* Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

terminated his employment. The trial court granted the Town a summary judgment. Loftis appeals. We affirm.

As a Public Safety Officer, Loftis performed the duties of policeman, fireman, and paramedic. On October 2, 1990, while participating in an ambulance run as a paramedic, Loftis mistakenly injected a patient with Lidocaine instead of Dextrose. The patient later died because of this injection. As a result of this incident, the Town terminated Loftis' employment in February of 1991. Loftis claims that it was the conduct of the Town that led to the mistaken injection and that the Town terminated his employment without good cause. The Town contends that Loftis was an employee at-will and that the Town could terminate his employment with or without good cause.

█ In his first point of error, Loftis contends that the trial court erred in granting summary judgment because the General Orders of the Town created an employment contract that was breached by the Town. The General Orders constitute the policy and procedure manual for the Highland Park Department of Public Safety.

█ Absent an express agreement to the contrary, employment in Texas is at-will terminable at any time by either party with or without cause. *Federal Express Corporation v. Dutschmann,* 846 S.W.2d 282, 283 (Tex.1993). An employee can recover, however, for wrongful discharge if he can prove that he and his employer entered into an agreement that specifically provided that the employer would not discharge the employee except for good cause. *Day & Zimmermann, Inc. v. Hatridge,* 831 S.W.2d 65, 68 (Tex.App.—Texarkana 1992, writ den'd); *Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 413 (Tex.App.—Corpus Christi 1988, no writ). Employer's statements about disciplinary procedures or termination rights in employment literature may modify the at-will relationship if the statements specifically and expressly curtail the employer's right to terminate the employee. *Vida v. El Paso Employers' Federal Credit Union,* 885 S.W.2d 177, 181 (Tex.App.—El Paso 1994, no writ); *McAlister v. Medina Electric Cooperative, Inc.,* 830 S.W.2d 659, 664 (Tex.App.—San Antonio 1992, writ den'd). However, state-

ments of employment policy that are not accompanied by an express agreement dealing with procedures for the discharge of employees do not create contractual rights regarding those procedures. *Day & Zimmermann, Inc. v. Hatridge,* supra at 69; *Salazar v. Amigos Del Valle, Inc.,* supra at 413.

At trial, Loftis argued that Section 3201.000(C)(6) of the General Orders required that employees be discharged only for good cause. Section 3201.000, "PURPOSE AND GOVERNING POLICY," provides in part:

> C. It shall be, at all times, the intent and governing policy of the Department of Public Safety, through the Director, to retain the sole right and responsibility to direct the operation of the Department, and in this regard to determine the following:

>> 6. Enforcement of established policies, rules, and regulation (sic) and to discharge or otherwise discipline any employee for cause, to lay off any employee because of lack of work or other cause.

> C. (sic) Should there be any conflict in the interpretation of any of the policies, rules, and regulations contained herein, such conflict shall be always be (sic) resolved in favor of the aforesaid stated policy.

From this language, it is clear that the Town retained its right to discharge an employee for cause. These statements are mere policy statements and do not specifically and expressly curtail the Town's right to terminate its employees. The at-will status has not been contractually altered.

Loftis also argues that the deposition testimony of Darrell Fant, Director of Public Safety for Highland Park, created a fact issue as to good cause under the General Orders. We disagree.

█ Fant testified as follows:

Q: Okay. Is it true to state that the General Orders require at least some good cause for terminating an individual?

A: Yes.

Q: And a public safety officer cannot be terminated unless some good cause is shown; is that correct?

A: Yes.

When the meaning of a written instrument is plain and unambiguous, a party's interpretation of that writing is immaterial. See *Sun Oil Company (Delaware) v. Madeley*, 626 S.W.2d 726, 732 (Tex.1981).

Loftis relies on *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196 (5th Cir.1987). *Aiello* is distinguishable. In *Aiello*, the jury found an agreement containing specific and binding disciplinary standards and procedures. The Town has made no comparable agreement with Loftis. In *Spuler v. Pickar*, 958 F.2d 103 (5th Cir.1992), the court limited the holding in *Aiello* pointing out that Texas courts uniformly embrace the notion that employee handbooks or manuals, absent express agreements addressing discharge protocol, constitute no more than general guidelines. Loftis' first point of error is overruled.

Loftis urges in his second point of error that he was denied due process of law under TEX. CONST. art. I, § 19 when the Town terminated his employment. We disagree.

 The protections of procedural due process apply only to a threatened deprivation of a liberty or property interest. *Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 560 (Tex.1985). An essential characteristic of a protected property interest is an entitlement under state law that cannot be removed except for cause. *Grounds v. Tolar Independent School District*, 856 S.W.2d 417, 418 (Tex.1993). Under Texas law, an at-will employee has no protected property interest in continued employment. *Whitehead v. University of Texas Health Science Center at San Antonio*, 854 S.W.2d 175, 181 (Tex. App.—San Antonio 1993, no writ); *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1991, no writ). Therefore, Loftis had no protected property interest in continued employment with the Town. Loftis' second point of error is overruled.

Loftis asserts in his fourth point of error that the trial court erred because the Town breached a duty owed to Loftis. Loftis argues that the General Orders required a finding of good cause before termination of an employee. The General Orders did not require a finding of good cause before termination; therefore, Loftis has not shown the breach of any duty owed by the Town. Loftis' fourth point of error is overruled.

■ The trial court's order granting summary judgment does not state the grounds on which it relied; therefore, summary judgment will be affirmed on appeal if any of the theories advanced support the judgment. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Because we have held that Loftis' cause of action fails as a matter of law, we do not reach his third, fifth, and sixth points of error. See TEX.R.APP.P. 90(a).

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.