William T. "Dub" Draper v. Rockett Special Utility District
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-146-CV

     WILLIAM T. "DUB" DRAPER,
                                                                              Appellant
     v.

     ROCKETT SPECIAL UTILITY DISTRICT,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 53051
                                                                                                                 

O P I N I O N
                                                                                                                       Dub Draper filed suit against his former employer, Rockett Special Utility District, for
wrongful discharge. Draper alleged that Rockett discharged him in retaliation for filing a worker’s
compensation claim in violation of the former article 8307c. Act of April 22, 1971, 62nd Leg.,
R.S., ch. 115, § 1, 1971 Tex. Gen. Laws 884, (former Tex. Rev. Civ. Stat. Ann. art. 8307c)
repealed by Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 987, 1273
(current version at Tex. Lab. Code Ann. § 451.001 (Vernon 1996));


 (hereinafter referred to as
“Tex. Rev. Civ. Stat. Ann. art. 8307c”).


 Draper also alleged that he was wrongfully discharged
under a breach of contract theory.
      The parties conducted discovery, and the court granted Rockett’s motion for protection and to
quash Draper’s first request for admissions. The court ordered Draper to pay Rockett’s attorney’s
fees. The court granted Rockett’s motion for summary judgment over Draper’s objections to
Rockett’s summary judgment affidavits.
      Draper’s first point of error alleges that the court erred in granting Rockett’s motion for
summary judgment. In his second point, Draper asserts that the court erred in overruling his
objections to Rockett’s summary judgment affidavits. The third point of error urges that the court
erred and abused its discretion by imposing discovery sanctions.
FACTUAL BACKGROUND 
      Draper began working for Rockett as a maintenance foreman on June 15, 1981. His job duties
included supervising maintenance crews as they repaired water leaks, laid water lines, and
maintained pump stations. While supervising a crew repairing a water line on June 4, 1993,
Draper slipped down a ditch and injured his back. Later that evening, Draper’s wife took him to
the emergency room. Draper returned to work on Monday and worked the whole week. However,
Draper’s back was hurting and he did not return to work after that week. Rockett filed a worker’s
compensation claim with its carrier for Draper’s injuries on June 15. 
      Draper began receiving payments from the worker’s compensation carrier. By letter dated July
30, Rockett stated that Draper would be terminated as an employee effective August 2. The letter
stated that employment had been continued under the assumption that the injury would be short
term. However, it was now necessary to fill the position.
SUMMARY JUDGMENT
      Draper alleges that the court erred by granting Rockett’s motion for summary judgment. The
summary judgment disposed of both the retaliatory discharge claim under article 8307c and the
wrongful discharge on a breach of contract theory. We must determine whether the summary
judgment was proper as to both of these claims.
      In a summary judgment proceeding, the movant has the burden to establish that no genuine
issue of material fact exists and that it is entitled to judgment as a matter of law. Nixon v. Mr.
Property Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). All evidence which favors the non-movant is taken as true. Id. at 548-549. Every reasonable inference is indulged and all doubts are
resolved in favor of the non-movant. Id. at 549.
RETALIATORY DISCHARGE
      Draper alleges that he was terminated in retaliation for filing a worker’s compensation claim
for his on-the-job injury. Retaliatory discharge violates article 8307c, which provides as follows:
A person may not discharge or in any manner discriminate against an employee because
the employee has: 
(1) filed a worker’s compensation claim in good faith. . .

Tex. Rev. Civ. Stat. Ann. Art. 8307c. An employer who violates 8307c is liable for reasonable
damages incurred by the employee, and the employee is entitled to reinstatement in the former
position of employment. Id.
      As a special utility district, Rockett falls under the definition of a political subdivision. Act
of December 12, 1989, 71st Leg., 2d C.S., ch. 1, § 15.46, 1989 Tex. Gen. Laws 1, 112, (former
Tex. Rev. Civ. Stat. Ann. art. 8309h) repealed by Act of May 12, 1993, 73rd Leg., R.S., ch.
269, § 5, 1993 Tex. Gen. Laws 987, 1273 (current version at Tex. Lab. Code Ann. § 504.001
(Vernon 1996). The Political Subdivisions Law, former article 8309h, waives immunity for
defined political subdivisions from liability arising under article 8307c. See City of LaPorte v.
Barfield, 898 S.W.2d 288, 299 (Tex. 1995); Act of December 12, 1989, 71st Leg., 2d C.S., ch.
1, § 15.47, 1989 Tex. Gen. Laws 1, 113, (former Tex. Rev. Civ. Stat. Ann. art. 8309h)
(repealed 1993); (current version at Tex. Lab. Code Ann. § 504.002 (Vernon 1996); (hereinafter
referred to as “Tex. Rev. Civ. Stat. Ann. art. 8309h”).
      In Barfield, the court determined that the Legislature intended article 8309h and section
504.002 to waive immunity for defined political subdivisions for retaliatory discharge. Barfield,
898 S.W.2d at 299. The Political Subdivisions Law further provides:
Nothing in this Act or the Texas Workers’ Compensation Act shall be construed to
authorize causes of action or damages against a political subdivision or employee of a
political subdivision beyond the actions and damages authorized by the Texas Tort Claims
Act [Chapter 101, Civil Practice and Remedies Code].

Tex. Rev. Civ. Stat. Ann. art. 8309h.
      Therefore, a political subdivision is liable for retaliatory discharge claims subject to the
“limitations of the Tort Claims Act.” Barfield, 898 S.W.2d at 299; Kuhl v. City of Garland, 910
S.W.2d 929, 931 (Tex. 1995); Cf. Carrillo v. Texas Tech Univ. Health Sciences Ctr., No. 08-96-00316-CV, slip op. at 5, (Tex. App.—El Paso Nov. 21, 1997, n.w.h.) (finding that Political
Subdivisions Law waived immunity for defined political subdivisions but not for state agencies). 
      Rockett argues that Draper was required to give notice of his claim under the Tort Claims Act. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 1997). Rockett argues that the notice
requirement is a “limitation of the Tort Claims Act.” The Political Subdivisions Law clearly states
that “causes of action and damages” are not authorized beyond the “actions and damages authorized
by the Tort Claims Act.” The Kuhl case gives examples of “limitations of the Tort Claims Act”
such as the cap on actual damages and the prohibition of punitive damages. See Id. §§ 101.023,
101.024.
      We believe the “limitations of the Tort Claims Act” for purposes of the Political Subdivisions
Law are the damage limitations set forth in the Tort Claims Act. Therefore, we conclude that the
notice requirement is not a “limitation of the Tort Claims Act.” Accordingly, Draper was not
required to give notice of his retaliatory discharge claim. Id. § 101.101.
      Rockett also argues that the after-acquired evidence doctrine bars Draper’s retaliatory discharge
claim. See Jordan v. Johnson Controls, Inc., 881 S.W.2d 363, 369 (Tex. App.—Dallas 1994, writ
denied). Rockett alleges that after Draper was terminated it received information that Draper had
attempted to sell parts that belonged to Rockett. Rockett contends that this misconduct would have
been grounds for immediate termination. 
      However, the Texas Supreme Court has recently decided that after-acquired evidence does not
bar a claim of retaliatory discharge but rather limits the employee’s recovery. See Trico Techs.
Corp. v. Montiel, 949 S.W.2d 308, 312 (Tex. 1997). In Trico, the Court held that such misconduct
bars reinstatement and actual damages only for the period after the employer discovered the
misconduct. Id. 
       However, Rockett must first establish that Draper actually converted property and that this
was grounds for immediate termination. Rockett provided affidavits to support its claim that
Draper converted Rockett’s property. Draper’s affidavit stated that he did not convert any of
Rockett’s property. Taking Draper’s evidence as true, we find that a fact issue exists regarding this
alleged misconduct, which must be resolved by a jury. See Nixon, 690 S.W.2d at 548-549.
      Rockett also argues that Draper cannot recover lost wages because he was not able to perform
the essential functions of a maintenance foremen. However, we also find that a fact issue exists
regarding Draper’s ability to perform the essential functions of a maintenance foreman. Draper
provided medical records which show that Draper was cleared to return to limited work six weeks
after he was terminated. The medical records also state that Draper would be able to return to full
work in December of 1993. Thus, fact issues exist about Draper’s ability to perform the functions
of a maintenance foreman.
      Because the after-acquired evidence doctrine does not bar the retaliatory discharge claim, 
Rockett has failed to establish that it is entitled to summary judgment as a matter of law. Id. at
548. Further, material issues of fact exist regarding Draper’s alleged misconduct and his ability
to perform the essential functions of a maintenance foreman. Id. Therefore, we find that the court
erred in granting a summary judgment on the retaliatory discharge claim.BREACH OF CONTRACT
      Draper also alleges that the court erred in granting a summary judgment on his wrongful 
discharge under a breach of contract theory. Draper argues that Rockett breached its 
administrative policies by failing to invoke progressive disciplinary procedures before terminating
Draper.
      Employment in Texas is terminable at-will by either party, with or without cause, absent an
express agreement to the contrary. Federal Express Corp. v. Dutschmann, 846 S.W.2d 282, 283
(Tex. 1993); East Line & R.R.R. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 102 (1888). An employee
can recover for wrongful discharge if it can be proved that the employee and the employer entered
into an agreement that specifically provided that the employee would only be terminated for good
cause. Loftis v. Town of Highland Park, 893 S.W.2d 154, 155 (Tex. App.—Eastland 1995, no
writ); Day & Zimmermann, Inc. v. Hatridge, 831 S.W.2d 65, 68 (Tex. App.—Texarkana 1992,
writ denied); Salazar v. Amigos Del Valle, Inc., 754 S.W.2d 410, 413 (Tex. App.—Corpus Christi
1988, no writ); Webber v. M.W. Kellogg Co., 720 S.W.2d 124, 127 (Tex. App.—Houston [14th
Dist] 1986, writ ref’d n.r.e.).
      Draper argues that the administrative policies constitute an agreement that Draper would only
be terminated in accordance with the disciplinary procedures. The administrative policies contain
a section entitled “Work Schedule and Policy.” Provisions seven and eight of this section provide:
7. Failure to punch in or out will result in disciplinary action
a. 1st time a verbal reprimand
b. 2nd time a written reprimand
c. 3rd time - will be grounds for dismissal
8. This set of disciplinary action will be enforced on all policies of Rockett S.U.D.

Draper argues that an employee had to be reprimanded three times for the same offense before
Rockett could terminate the employee. Draper asserts that these disciplinary provisions circumvent
the at-will employment doctrine.
      Courts usually find that general statements about employee disciplinary procedures in
employment literature such as manuals and handbooks are not sufficient to change the at-will
employment relationship except where the literature “specifically and expressly curtails the
employer’s right to terminate the employee.” Figueroa v. West, 902 S.W.2d 701, 705 (Tex.
App.—El Paso 1995, no writ); Loftis, 893 S.W.2d at 155; McAlister v. Medina Elec. Coop., Inc.,
830 S.W.2d 659, 664 (Tex. App.—San Antonio 1992, writ denied); Benoit v. Polystar Gulf Coast,
Inc., 728 S.W.2d 403, 406 (Tex. App.—Beaumont 1987, writ ref’d n.r.e.). 
      The employment literature must restrict the at-will relationship in “a meaningful and special
way.” Figueroa, 902 S.W.2d at 705; Stiver v. Texas Instruments, Inc., 750 S.W.2d 843, 846
(Tex. App.—Houston [14th Dist.] 1988, no writ). Employee handbooks must contain a specific
contractual term altering at-will status. Figueroa, 902 S.W.2d at 705; See Maus v. National Living
Ctrs., Inc., 633 S.W.2d 674, 675 (Tex. App.—Austin 1982, writ ref’d n.r.e.).
      The administrative policies in this case do not expressly state that Rockett’s right to terminate
has been curtailed in any way. See Figueroa, at 705. The disciplinary procedures only say that
a third offense is grounds for dismissal. However, this does not mean that there are not other
grounds for dismissal or that termination must be for good cause. The disciplinary procedures do
not restrict the at-will employment relationship in a “meaningful and special way.” Id. No
contractual term is present in the policies which alters the at-will employment relationship. Id.
      Rockett’s administrative policies do not alter the at-will employment relationship. See Federal
Express, 846 S.W.2d at 283. Therefore, Draper cannot prevail on his contract claim for wrongful
discharge. Accordingly, we find that no issue of material fact exists and Rockett is entitled to
summary judgment as a matter of law on Draper’s wrongful discharge claim for breach of contract.
See Nixon, 690 S.W.2d at 548. Therefore, we affirm the summary judgment as to Draper’s
contract claim.
      In his second point of error, Draper asserts that the court erred in overruling his objections to
Rockett’s summary judgment affidavits. Having already reversed the summary judgment on the
retaliatory discharge claim, we need not consider whether the affidavits were objectionable
requiring a reversal on that basis. Further, we have affirmed the summary judgment on the
contract claim on the basis of the at-will employment relationship. We do not rely on any of the
alleged faulty affidavits in finding that the at-will employment doctrine bars a breach of contract
claim. Therefore, we need not address the validity of Rockett’s summary judgment affidavits. 
DISCOVERY SANCTIONS
      In his third point of error, Draper asserts that the court abused its discretion by imposing
discovery sanctions. According to Draper, the court erred in granting Rockett’s motion for
protection and to quash and in ordering Draper to pay attorney’s fees.
      On December 12, 1995, Draper served Rockett with his first request for admissions which
included 651 requests. Rockett filed a motion for protection and to quash Draper’s requests for
admissions. In the motion, Rockett stated that Draper abused the discovery process by seeking,
or making discovery that was “unreasonably frivolous, oppressive, and harassing.” See Tex. R.
Civ. P. 215(3). Rockett alleged that the requests for admissions were served in retaliation for
failure to settle the case. Rockett also asserted that the requests for admissions were duplicative
and requested information already obtained through deposition testimony. 
      On January 10, the Court held a hearing on Rockett’s motion. The court heard counsel’s
argument on all 651 of the requests. The court made a ruling on the record on each request. At
the conclusion of the hearing, the court granted the motion for protection and to quash and ordered
Draper to pay $1,200 in attorney’s fees. 
      The court signed an order on January 12 which states:
. . . The court after examining the evidence and pleadings on file with this court, and
having heard the arguments of counsel finds the totality of Plaintiff’s First Request for
Admissions unreasonable, oppressive, harassing and unnecessary and is of the opinion that
Defendant’s Motion for Protection and to Quash Plaintiff’s First Request for Admissions
should be GRANTED. 

The order then awards Rockett $1,200 in attorney’s fees which constitutes Rockett’s time to prepare
and argue the motion.
      Discovery sanctions cannot be appealed until a final judgment has been rendered. Bodnow
Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986). Because the summary judgment 
rendered against Draper disposed of his two claims and was therefore final, the sanctions are
appealable.
      The trial court may impose sanctions on any party who abuses the discovery process. Id.;
Tex. R. Civ. P. 215(3). Discovery sanctions are within a trial court’s discretion and will only be
set aside if the court clearly abused its discretion. Bodnow, 721 S.W.2d at 840. A trial court does
not abuse its discretion just because the appellate court would decide the issue in a different way.
Southwestern Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex.1965).
      “The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court’s action. Rather, it is a question of whether the court
acted without reference to any guiding rules and principles.” Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Westfall Family Farms, Inc., v. King Ranch, Inc., 852
S.W.2d 587, 590 (Tex. App.—Dallas 1993, writ denied).
      Rule 215 guides us in this case:
If the court finds a party is abusing the discovery process in seeking, making or resisting
discovery, . . .then the court in which the action is pending may, after notice and hearing,
impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8)
of paragraph 2b of this rule. 
 
Tex. R. Civ. P. 215(3). Appropriate sanctions include disallowing further discovery, striking
pleadings, and awarding attorney’s fees. 
      A trial court abuses its discretion if the sanction imposed does not further the purpose of
discovery sanctions. Bodnow, 721 S.W.2d at 840. “The legitimate purpose of discovery sanctions
are threefold: 1) to secure compliance with discovery rules; 2) to deter other litigants from similar
misconduct; and 3) to punish violators.” Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex.
1992); Bodnow, 721 S.W.2d at 840. Further, discovery sanctions must be just under the
circumstances. TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).
      Two standards measure whether a discovery sanction is just. Id. First, a direct relationship
must exist between the offensive conduct and the sanction imposed. Id. Therefore, a just sanction
must be directed toward the abuse and remedy the prejudice caused to the innocent party. Id. 
Second, the sanction must not be excessive. Id. 
      In the present case, the court heard argument on all 651 requests. Although sustaining
relatively few objections, the court decided that the totality of Draper’s requests for admissions was
unreasonable, oppressive, harassing and unnecessary. See Tex. R. Civ. P. 215(3). The court then
granted the motion for protection and to quash and ordered Draper to pay attorney’s fees.



      The sanctions imposed further the legitimate purpose of discovery sanctions. See Chrysler,
841 S.W.2d at 849. The sanctions of disallowing the requests for admissions and allowing
attorney’s fees serve to punish Draper for abusing the discovery process. Id. Further, the
sanctions deter other litigants from abusing the process. Id. The sanctions also secure compliance
with rule 215(3). Id.
      The sanctions imposed are also just. See TransAmerican, 811 S.W.2d at 917. The sanctions
are directly related to the offensive conduct. Id. The court found the requests to be an abuse of
the discovery process and therefore protected Rockett from answering them. The sanctions are not
excessive. Id.
      For these reasons, we conclude that the court did not abuse its discretion when it granted
Rockett’s motion for protection and ordered Draper to pay attorney’s fees. See Downer, 701
S.W.2d at 241-42. We overrule Draper’s third point of error.
CONCLUSION
      We have determined that the trial court erred in granting summary judgment on Draper’s
retaliatory discharge claim under former article 8307c but properly granted summary judgment on
wrongful termination under a breach of contract theory. We do not rely on the disputed summary
judgment affidavits. We also uphold the award of discovery sanctions.
      Therefore, we affirm the judgment in part, and reverse the judgment in part. We affirm the
judgment denying any recovery on the breach of contract claim and affirm the order granting
sanctions. Those claims are severed from the retaliatory discharge claim and are made final. The
retaliatory discharge claim is remanded to the trial court for further proceedings consistent with this
opinion. 
                                                                               REX D. DAVIS
                                                                               Chief Justice
Before Chief Justice Davis
      Justice Cummings and
      Justice Vance
Affirmed in part; reversed and remanded in part 
Opinion delivered and filed December 17, 1997
Do not publish