**James T. HEROD, Appellant,**

v.

**BAPTIST FOUNDATION OF TEXAS, Appellee.**

**No. 11–01–00267–CV.**

Court of Appeals of Texas, Eastland.

Oct. 3, 2002.

J. Daniel McElroy, Matt W. Holley, Dallas, for appellant.

Helen Thigpen, Haynes & Boone, Dallas, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

This appeal arises from a wrongful termination claim filed by James T. Herod against his former employer, the Baptist Foundation of Texas (the Foundation). Herod resigned from his position as general counsel for the Annuity Board of the Southern Baptist Convention to become the Foundation's chief administrative officer in January 1998. The Foundation hired Herod to establish a retirement program for Baptist institutions. The Foundation terminated Herod in October 1999 prior to implementing the retirement program. The trial court granted summary judgment in favor of the Foundation on all of Herod's claims. Appellant raises six issues on appeal attacking the trial court's entry of summary judgment. We affirm.

Herod's wrongful termination action is premised on a statement purportedly made by the Foundation's president, Lynn Craft, during a preliminary discussion of Herod's employment. Herod asked Craft what would happen if the Foundation decided not to pursue a retirement program. Herod testified that Craft replied to his question by stating that, "if we don't do the retirement program, you'll just continue on as the chief administrative officer and have those responsibilities." Relying on this statement, Herod contends that the Foundation could only terminate him for cause. He alleges that the Foundation terminated him without cause and that this action constituted a breach of his employ-

ment contract.[1] He additionally alleges causes of action for fraud and promissory estoppel based on Craft's statement. Herod also asserts a breach of contract claim alleging that the Foundation failed to comply with the terms of its employee policy manual in terminating him.

 The trial court's summary judgment order does not specify the grounds it relied upon for granting summary judgment. When a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chemical Company v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). The Foundation's motion for summary judgment intermixed grounds for traditional summary judgment under TEX. R.CIV.P. 166a(c) with "no-evidence" summary judgment grounds under TEX. R.CIV.P. 166a(i).[2] A trial court must grant a motion for a traditional summary judgment if the moving party establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). A trial court properly grants summary judgment in favor of a defendant if the defendant conclusively establishes all elements of an affirmative defense or conclusively negates at least one element of the plaintiff's claim. *American Tobacco Company, Inc. v. Grin-*

*nell,* 951 S.W.2d 420, 425 (Tex.1997). When reviewing a traditional summary judgment, we take as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell,* supra; *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

We review evidence presented by the non-movant in reply to a motion for a no-evidence summary judgment just as we review evidence offered in support of, and in response to a motion for, a traditional summary judgment: we accept as true evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubts in favor of the non-movant. *Hight v. Dublin Veterinary Clinic,* 22 S.W.3d 614 (Tex.App.-Eastland 2000, pet'n den'd); see *American Tobacco Company, Inc. v. Grinnell,* supra at 425. We review, however, only evidence presented by the non-movant. Rule 166a(i); *Hight v. Dublin Veterinary Clinic,* supra. If the non-movant presents evidence that is more than a mere scintilla, a no-evidence summary judgment is improper. *Hight v. Dublin Veterinary Clinic,* supra; *Denton v. Big Spring Hospital Corporation,* 998 S.W.2d 294, 298 (Tex.App.-Eastland 1999, no pet'n); cf. *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. den'd,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).

 Herod's fourth appellate issue attacks the trial court's implied determina-

---

1. The Foundation asserts that it had cause for terminating Herod.

2. As we noted in *Kelly v. LIN Television of Texas, L.P.,* 27 S.W.3d 564, 568 (Tex.App.-Eastland 2000, pet'n den'd), the better practice is to file separate motions relating to the conceptually distinct Rule 166a(c) and Rule 166a(i) summary judgments. Under a motion

for a "no-evidence" summary judgment, we review only the evidence presented by the non-movant. Rule 166a(i). *Analysis is made more difficult when it appears that the movant may be relying on his or her summary judgment evidence yet is asserting that there is no evidence on a particular element of the non-movant's case.*

tion that he was an at-will employee. A discharged employee who asserts that the parties have contractually agreed to limit the employer's right to terminate the employee at will has the burden of proving an express agreement or written representation to that effect. See *Reyna v. First National Bank in Edinburg*, 55 S.W.3d 58, 71 (Tex.App.-Corpus Christi 2001, no pet'n).

■■■ The Texas Supreme Court's opinion in *Montgomery County Hospital District v. Brown*, 965 S.W.2d 501 (Tex. 1998), is the controlling authority regarding the nature of Herod's employment with the Foundation. The plaintiff in *Brown* alleged, regarding the nature of her employment:

> At the time I was hired as well as during my employment, I was told by [the Hospital administrator] that I would be able to keep my job at the hospital as long as I was doing my job and that I would not be fired unless there was a good reason or good cause to fire me.

*Montgomery County Hospital District v. Brown*, supra at 502. The court began its analysis by noting that the general rule in Texas is that, absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will for good cause, bad cause, or no cause. *Montgomery County Hospital District v. Brown*, supra at 502. The court held that an employer's oral statements do not modify an employee's at-will status absent a definite, stated intention to the contrary. *Montgomery County Hospital District v. Brown*, supra at 501. The court stated as follows in reaching this holding:

> General statements like those made to Brown simply do not justify the conclusion that the speaker intends by them to make a binding contract of employment. For such a contract to exist, the employ-

er must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances. General comments that an employee will not be discharged as long as his work is satisfactory do not in themselves manifest such an intent. Neither do statements that an employee will be discharged only for "good reason" or "good cause" when there is no agreement on what those terms encompass. Without such agreement the employee cannot reasonably expect to limit the employer's right to terminate him. An employee who has no formal agreement with his employer cannot construct one out of indefinite comments, encouragements, or assurances.

*Montgomery County Hospital District v. Brown*, supra at 502.

■■ Craft's purported statement to Herod that "you'll just continue on as the chief administrative officer and have those responsibilities" is more indefinite than the employer's statement in *Brown*. The summary judgment evidence establishes that there was no discussion between Herod and the Foundation regarding the circumstances for which he might or might not be terminated. The trial court's determination that Herod was an at-will employee is, therefore, correct under *Brown*. As such, the Foundation could terminate Herod with or without cause.

Herod's fourth issue also addresses his allegation that the Foundation failed to comply with the terms of its "Performance Improvement Policy" contained in the Foundation's "Employee Policy Manual." The policy provides for a three-step process in disciplining Foundation employees. The summary judgment evidence establishes that Herod was terminated without the three steps of the policy being followed.

■■■ We conclude that the Foundation was not required to follow the policy's steps prior to terminating Herod. Statements of employment policy that are not accompanied by an express agreement dealing with procedures for the discharge of employees do not create contractual rights regarding those procedures. See *Loftis v. Town of Highland Park*, 893 S.W.2d 154, 155 (Tex.App.-Eastland 1995, no writ). Moreover, the policy expressly provides that "an employee who does not display satisfactory performance and accomplishment on the job may be dismissed, in certain cases, without resorting to the steps set forth in this policy." Furthermore, the foreword of the manual stated as follows:

> This manual serves only as a reference to [the Foundation's] policies and procedures. It is not intended, nor is it, a contract of employment. Employment is terminable at will, either by the employee or [the Foundation], regardless of the length of employment or the granting of benefits of any kind.

Herod executed a document entitled "[r]eceipt and [a]cknowledgment" which also contained this disclaimer. A disclaimer such as this in an employee handbook negates any implication that a personnel procedures manual places a restriction on the employment at-will relationship. *Federal Express Corporation v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993). Herod's fourth issue is overruled.

■■■ Herod's fifth issue addresses the Foundation's summary judgment ground which asserted that Herod's alleged oral contract altering his at-will status is unenforceable under the statute of frauds. See TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (Vernon 2002). Our consideration of this ground is not required given our ruling that Herod was an at-will employee. See *Dow Chemical Company v. Francis*, supra at 242; *Carr v. Brasher*, supra at 569. However, we address the statute of frauds contention as an additional basis supporting the trial court's granting of summary judgment on Herod's breach of contract claim. As noted by the supreme court in *Brown*, an oral promise modifying employment at will is unenforceable under the statute of frauds if it cannot be performed within one year. *Montgomery County Hospital District v. Brown*, supra at 503; see *Miller v. Riata Cadillac Company*, 517 S.W.2d 773, 775 (Tex.1974). Herod alleged that his oral contract of employment with the Foundation was for a period of time necessary to draft and implement the contemplated retirement program. He further testified that the work could not be completed within a year's time but, rather, would take several years to implement the retirement program. The term of the employment contract which Herod seeks to enforce was not capable of performance within one year; and it is, therefore, unenforceable under the statute of frauds. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex.1991).

■■■ Herod's sixth issue addresses the summary judgment grounds which attacked his claims of fraudulent misrepresentation and promissory estoppel based upon Craft's statement. The elements of fraud are: (1) that a false, material representation was made; (2) that was either known to be false when made or was made without knowledge of its truth; (3) that was intended to be acted upon; (4) that was relied upon; and (5) that caused injury. See *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998); *Gilmartin v. KVTV*, 985 S.W.2d 553, 558 (Tex.App.-San Antonio 1998, no pet'n). The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance

on the promise by the promisor, and (3) substantial detrimental reliance by the promisee. See *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983); *Gilmartin v. KVTV*, supra at 558.

■ Herod's claims of fraud and promissory estoppel are premised on the assertion that the Foundation breached its promise of future performance. The promise of future performance upon which Herod relies is Craft's response to Herod's question concerning what would happen to the position if the Foundation decided not to pursue a retirement program. Craft's statement addressed a future contingency: the Foundation's abandonment of its plan to implement a retirement program. The summary judgment evidence establishes that this contingency has not occurred because the Foundation has not abandoned its plan to establish a retirement program.

■ A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made. See *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, supra at 48; *Schindler v. Austwell Farmers Cooperative*, 841 S.W.2d 853, 854 (Tex.1992). The claimant must present evidence that the challenged representations were made with the intent to deceive and with no intention of performing as represented. *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, supra at 48; *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986). Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made. *Schindler v. Austwell Farmers Cooperative*, supra at 854. There is no evidence that Craft intended to deceive Herod at the time that the statement was made.

Moreover, the facts in this appeal are similar to those in *Gilmartin*. The plaintiff in *Gilmartin* argued that he relied on his employer's representations that he would continue to have his job as station manager as long as his work was satisfactory. *Gilmartin v. KVTV*, supra at 557–58. He claimed that the representations were false because he was fired in spite of adequate performance. *Gilmartin v. KVTV*, supra at 557–58. The San Antonio Court of Appeals rejected the former employee's claims of fraud and promissory estoppel based on the employer's alleged representations. The court noted that detrimental reliance is a central element of both fraud and promissory estoppel and that reliance on the promise must be reasonable and justified. *Gilmartin v. KVTV*, supra at 558. The court held that the employer's oral promises of continued employment were too indefinite to permit fraud and promissory estoppel causes of action. *Gilmartin v. KVTV*, supra at 558. Craft's response to Herod's question was also too indefinite to serve as the basis for claims of fraud and promissory estoppel. Herod's sixth issue is overruled.

■ Herod's second issue alleges that the trial court erred in granting the Foundation's first motion for summary judgment on claims which were not addressed by the Foundation's motion. The Foundation filed two motions for summary judgment. The trial court granted the first motion for summary judgment in part on some causes of action which Herod had only asserted a few days prior to the hearing in an amended pleading. Any error by the trial court in this regard was corrected by the trial court's granting of the Foundation's second motion for summary judgment which dismissed all of Herod's claims. Herod's second issue is overruled.

Herod's first and third issues generally attack the trial court's granting of sum-

mary judgment on all grounds asserted by the Foundation. These issues are over-ruled for the reasons set forth herein.

The judgment of the trial court is af-firmed.