Opinion filed August 23, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed August 23, 2007

 

 

 

In The

                                                                              

    Eleventh
Court of Appeals

                                                                
____________

                                                          No. 11-06-00285-CV 

                                                     __________

                                   CITY OF COMANCHE, Appellant

                                                             v.

                                   MICHELLE FLORENCE, Appellee



 

                                         On
Appeal from the 220th District Court 

       Comanche
 County, Texas

                                          Trial
Court Cause No. CCCV-06-04306

 



 

                                             M
E M O R A N D U M   O P I N I O N

Michelle Florence claimed that the City of Comanche wrongfully
terminated her employment, and she sued the City and Bill Flannery, the City
Administrator.  The City ultimately filed
a plea to the jurisdiction, and the trial court denied that plea.  Because we find that the trial court did not
have jurisdiction, we reverse and render.








The City hired Florence as an employee in May 2001.  Subsequently, Flannery fired Florence allegedly for insubordination.  Florence,
however, maintains  that she was fired
after she had discussed certain work-related problems with Flannery.  One of those problems involved Florence=s allegations that Flannery Awas talking to others about her job
related injury.@  Another of the problems that she discussed
with Flannery was that AFlannery
was overheard by [Florence] asking another
employee about whether or not [Florence]
was having an affair with the Police Chief.@  Florence
maintains that she talked with Flannery because that was the action dictated in
the employee=s
personnel manual.

When Florence
was hired, she was given a copy of the City=s
written employee=s
personnel manual.  Florence maintains that the personnel manual
constitutes a contract between her and the City.  It is important to Florence=s
lawsuit against the City that the manual constitutes a contract.  If the manual does not constitute a contract,
then her employment is at-will.  Further,
if the manual does not constitute a contract, then there is no possibility of
waiver of governmental immunity and the trial court would not have jurisdiction
of this lawsuit. 

Although it has alleged various sub-points, the
City has written in its brief that there is only one issue in this
interlocutory appeal:  sovereign
immunity.  Sovereign immunity refers to
the state=s
immunity from suit and from liability.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003). 
Sovereign immunity protects the state and various divisions of state
government.  Id. 
Governmental immunity, on the other hand, protects political
subdivisions of the state, including counties, cities, and school
districts.  Id. 


Political subdivisions of the state, including
cities, are entitled to governmental immunity from suit unless that immunity
has been waived.  Reata Constr. Corp.
v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006). Immunity
from suit and immunity from liability involve two different principals.  Governmental immunity from suit defeats a
trial court=s
subject-matter jurisdiction.  Tex. Dep=t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225‑26 (Tex. 2004); Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex.
2003); Ector County v. Breedlove, 168 S.W.3d 864, 865 (Tex. App.CEastland 2004, no pet.).  Immunity from liability protects the
governmental entity from liability even though immunity from suit has been
waived. Reata, 197 S.W.3d at 374. 
A claim of governmental immunity from suit is properly asserted in a
plea to the jurisdiction.  Miranda,
133 S.W.3d at 225‑26; Tex. Dep=t of Transp. v. Jones, 8 S.W.3d
636, 637 (Tex.
1999).  Whether a court has
subject-matter jurisdiction is a legal question that we review de novo.  Miranda, 133 S.W.3d at 226; Breedlove,
168 S.W.3d at 865.








 The City of
Comanche is a
political subdivision of the state and is, therefore, entitled to immunity from
suit unless that immunity has been waived. 
If it has not been waived, then the trial court has no subject-matter
jurisdiction in this case.

Florence
has the burden to establish that the trial court had subject-matter
jurisdiction.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
When deciding a plea to the jurisdiction, the plaintiff=s allegations must be accepted as
true.  City of El Campo v. Rubio,
980 S.W.2d 943, 945 (Tex. App.CCorpus
Christi 1998, pet. dism=d
w.o.j.).  Also, we must construe the
allegations liberally in favor of the plaintiff.   Miranda, 133 S.W.3d at 226.  The trial court may also consider evidence
when necessary to resolve any jurisdictional issue.  Id.
at 223.

Florence
attempts to establish subject-matter jurisdiction by alleging that she had a
contract with the City, that the contract modified her status as an at-will
employee, and that a suit for the breach of that contract was not precluded by
governmental immunity because of the application of Tex. Loc. Gov=t Code Ann. '
271.152 (Vernon 2005).

While we do not hold that Section 271.152 applies
to cases like this one, for purposes of this appeal, we will proceed as though
it does.  Section 271.152 provides for a
waiver of immunity from suit in certain instances when a local governmental
entity enters into a contract for goods or services and there is a claim for
breach of that contract against the governmental entity.  See also Tex. Loc. Gov=t Code Ann. '
271.151 (Vernon 2005) (definitions). 
Unless there is a specific agreement otherwise, employment may be
terminated by either the employer or the employee for good cause, for bad
cause, or for no cause at all.  Montgomery County
Hosp. Dist. v. Brown, 965 S.W.2d
501 (Tex.
1998). 

In Federal Express Corp. v. Dutschmann, 846
S.W.2d 282 (Tex.
1993), Federal Express discharged an employee for allegedly making false
delivery records.  The employee
maintained that she was fired in retaliation for making sexual harassment
complaints.  The handbook for employees
contained a statement that employment was at-will, that the manual was not an
employment contract, and that it could be modified at any time.  The employee signed an agreement
acknowledging the fact that she had received the handbook.  The employee also acknowledged that the
handbook was not a contract and that it did not alter her status as an at-will
employee.  The court held that there was
no contract restricting the employment-at-will relationship. 








Herod v. Baptist Foundation of Texas, 89
S.W.3d 689 (Tex. App.CEastland
2002, no pet.), involved a similar situation. 
There, an employee manual contained language to the effect that the
manual was not a contract of employment and that it did not change the at-will
status of employment.  The employee had
acknowledged receipt of the manual.  The
receipt contained the same disclaimer. 
Citing Federal Express, this court held that the disclaimer
negated the possibility that the at-will status of the employment arrangement
had been modified.  AA disclaimer in an employee handbook .
. . negates any implication that a personnel procedures manual places a
restriction on the employment at will relationship.@  Federal Express, 846 S.W.2d at 283.

Here, there was no specific agreement to alter Florence=s employment-at-will status.  The personnel manual for the City of Comanche contained the
following language:

Nothing
contained in this manual is to be construed as a guarantee or as a contract of
employment.  All employees hold their
positions at the will and pleasure of the City and such positions may be
terminated or otherwise adversely affected with or without cause.

 

Florence
completed and signed an application for employment when she was hired by the
City.  The application contained the
following language:

I
hereby understand and acknowledge that, unless otherwise defined by applicable
law, any employment relationship with this organization is of an Aat will@
nature, which means that the Employee may resign at any time and the
Employer may discharge Employee at any time with or without cause.  It is further understood that this Aat will@
employment relationship may not be changed by any written document or by
conduct unless such change is specifically acknowledged in writing by an
authorized executive of this organization.

                                                                                                                                                            

These two statements disclaim any intent that
anything in the policy manual constituted a contract to alter the at-will
status of the employment arrangement. 
Because there is no contract of employment, Florence cannot invoke Section 271.152 B even if it is applicable to claims of
this nature B to
provide for a waiver of governmental immunity. 
Because the City is protected from suit by governmental immunity, the
trial court did not have subject-matter jurisdiction over Florence=s
claim against the City.  The City=s issue on appeal is sustained.  

We reverse the trial court=s
order denying the City of Comanche=s plea to the jurisdiction, and we
render judgment dismissing the lawsuit against the City of Comanche.

 

 

JIM R. WRIGHT

August 23, 2007                                                           CHIEF
JUSTICE

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.